STATE of Iowa, Appellee,

v.

Roger Anthony DOGGETT, Appellant.

No. 03–0248.

Supreme Court of Iowa.

Sept. 1, 2004.

Rehearing Denied Sept. 30, 2004.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Mary E. Tabor, Assistant Attorney General, for appellee.

STREIT, Justice.

While on the lam for ditching court, Roger Doggett took police on a fast and furious car chase around the Des Moines metro area. He pled guilty to felony eluding, but now claims his trial counsel should not have allowed him to do so because there was not a factual basis for the charge. We agree. We conclude Doggett's trial counsel was constitutionally ineffective, and reverse and remand for further proceedings.

## I. Facts and Prior Proceedings

Packin' nearly 3000 quarters, Roger Doggett and his girlfriend, Shelly Boysel, swaggered into Prairie Meadows Racetrack and Casino shortly after midnight on November 14, 2002. They left Boysel's six-year-old daughter in the car.

Suspicious, an off-duty police officer hired by the casino asked Doggett and Boysel for identification. Boysel showed the officer her ID and told him she wanted to cash in the loot. Boysel said she had won the quarters at the casino the night before.

Doggett, who had failed to appear for his trial on a burglary charge ten days earlier, did not hand over his ID. Instead, he went back to the car. The officer followed him, and, as he approached, Doggett sped off.

After discovering there was a warrant out for Doggett's arrest for failure to appear, Altoona police gave chase. Lights flashing and sirens blaring, they followed Doggett west towards Des Moines. Speeds soon reached one hundred miles per hour.

In the midst of the chase, Doggett's vehicle failed him: a front tire fell off. Undeterred, Doggett drove on the rim of the wheel. Sparks flying as steel ground into the pavement, Doggett nonetheless managed to pass two semitrucks while driving on the shoulder at ninety miles per hour.

The sparks eventually caused Doggett's car to catch fire. It came to a halt, and Doggett was arrested. Meanwhile, an officer rescued Boysel's little girl from the back seat. Moments later the area in which she was sitting burst into flames. After the fire was put out, officers found an assortment of burglary tools in the car.

Doggett was charged with a host of crimes, including eluding and child endan-

germent. *See* Iowa Code §§ 321.279(3), 726.6(1)(*a*) (2001). The eluding charge was enhanced to a felony because Doggett had failed to appear for trial on an unrelated burglary charge. *See id.* §§ 321.279(3), 702.13, 811.2.

Doggett pled guilty to felony eluding, child endangerment, failure to appear, and burglary. He also pled guilty to two counts of theft in the second degree in another case. In exchange, the county attorney agreed to dismiss one count of theft in the third degree and a charge of possession of burglary tools. He also agreed not to file charges in five other cases, which involved the thefts of two pickup trucks, two SUVs, and a Volvo.[1] Doggett agreed, however, to make restitution to the victims in those cases and also promised not to appeal the judgment and twelve-year term of incarceration which would be imposed against him. The court accepted the parties' bargain, and Doggett went to prison.

Doggett appealed. As a threshold matter, Doggett claimed any purported waiver of his right to appeal was invalid because the trial court did not conduct a colloquy with him; it thus did not ascertain whether his waiver was knowing, voluntary, and intelligent. Doggett further argued his trial counsel was constitutionally ineffective for failing to challenge the felony eluding charge. Doggett claimed the charge lacked a factual basis because he was not "participating in a public offense" when he took police on the chase.

The court of appeals affirmed. First, the court ruled the trial court did not conduct an adequate colloquy with Doggett concerning waiver of his right to appeal. *See State v. Loye*, 670 N.W.2d 141, 148–49 (Iowa 2003) (colloquy should show waiver of right to appeal was knowing, voluntary,

and intelligent); *State v. Hinners*, 471 N.W.2d 841, 844–45 (Iowa 1991) (same). Second, the court held Doggett's trial counsel was not ineffective because Doggett was, in fact, "participating in a public offense" at the time of the car chase. Relying, in part, upon our decision in *State v. Francois*, 577 N.W.2d 417 (Iowa 1998), the court concluded failure to appear for trial was a so-called "continuing offense."

Doggett sought further review. Doggett claims the district court erred in determining he was participating in a public offense by virtue of failing to appear for trial ten days before the car chase. Neither Doggett nor the State challenges the court of appeals' ruling that Doggett did not sufficiently waive his right to appeal. Although we retain the discretion to consider all issues raised in the initial appeal, in this case we let the court of appeals' decision on waiver stand and, in the exercise of our discretion, decide to only consider Doggett's ineffective-assistance-of-counsel claim. *See State v. Powell*, 684 N.W.2d 235, 237–38 (Iowa 2004) (citations omitted) (acknowledging but declining to exercise discretion to consider all issues on appeal); *see also Bokhoven v. Klinker*, 474 N.W.2d 553, 557 (Iowa 1991) ("[W]e may review any or all of the issues initially raised on appeal ... whether or not they are specifically brought to our attention in the applications for further review.").

## II. Standard of Review

■ Review of a lack-of-a-factual-basis challenge to a guilty plea is usually on error. *See State v. Keene*, 629 N.W.2d 360, 363 (Iowa 2001). When, as in the present case, the defendant's claim is raised in the ineffective-assistance-of-counsel context, our review is de novo. *Id.*

---

1. Other possible charges in Warren and Marshall Counties were left out of the agreement.

■ An ineffective-assistance-of-counsel claim falls within an exception to the general rule that a party must preserve error in the district court. *See State v. Spies,* 672 N.W.2d 792, 798 (Iowa 2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 2820, 159 L.Ed.2d 253 (2004); *see also Earnest v. State,* 508 N.W.2d 630, 632 (Iowa 1993) (attorneys not expected to object to their own representation). Although ordinarily preserved for postconviction relief, we will consider the merits of such a claim on direct appeal if the record is adequate. *State v. Liddell,* 672 N.W.2d 805, 809 (Iowa 2003). We deem the record sufficient in this case.

### III. Ineffective Assistance of Counsel

■ To prove ineffective assistance of counsel, a defendant must show by a preponderance of the evidence (1) trial counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Dalton,* 674 N.W.2d 111, 119 (Iowa 2004).

> To meet the first element ..., counsel's performance is measured against the standard of a reasonably competent practitioner with the presumption that the attorney performed his duties in a competent manner. In order to satisfy the prejudice element, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different."

*Id.* (quoting *State v. Begey,* 672 N.W.2d 747, 749 (Iowa 2003) (citations omitted)). Failure to prove either element is fatal to an ineffective-assistance-of-counsel claim. *See id.*

The fighting issue in this case is whether Doggett's trial counsel failed to perform an essential duty. Doggett claims his trial counsel did not perform an essential duty when he allowed him to plead guilty to a charge for which no factual basis existed.

In support of his argument, Doggett points to Iowa's eluding statute, which states in relevant part:

> 3. The driver of a motor vehicle commits a class "D" felony if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section, and in doing so exceeds the speed limit by twenty-five miles per hour or more, and if any of the following occurs:
>
> a. The driver is participating in a public offense, as defined in section 702.13, that is a felony.

Iowa Code § 321.279(3)(*a*). Section 702.13, in turn, defines "participating in a public offense" as follows:

> A person is *"participating in a public offense,"* during part or the entire period commencing with the first act done directly toward the commission of the offense and for the purpose of committing that offense, and terminating when the person has been arrested or has withdrawn from the scene of the intended crime and has eluded pursuers, if any there be. A person is *"participating in a public offense"* during this period whether the person is successful or unsuccessful in committing the offense.

*Id.* § 702.13 (emphasis in original). Doggett claims the crime of failure to appear is not a so-called "continuing offense" for statute-of-limitations purposes, and therefore he was not "participating in a public offense" when he eluded officers. The court of appeals agreed with the State and ruled failure to appear is a "continuing offense," and therefore Doggett was "participating in a public offense" at the time of the car chase. As a consequence, the court ruled Doggett's trial counsel was not

ineffective because a factual basis did exist for felony eluding.

We disagree. Throughout the appellate process, the parties have equated the continuing offense doctrine, which finds its genesis in state statute of limitations and federal sentencing cases, with the "participation in a public offense" language of Iowa Code section 702.13. For this reason, it appears, the court of appeals assumed that if failure to appear for trial is a "continuing offense," then Powell was "participating in a public offense" at the time of the car chase. While it is tempting to equate the two concepts, one concept does not necessarily follow from the other: the felony eluding statute, Iowa Code section 321.279(3)(a), makes "participation in a public offense" the focus of judicial inquiry, and does not require a court to ask whether the underlying offense is a "continuing offense." Moreover, the legislature has specifically defined "participating in a public offense" in section 702.13 without referencing the continuing crimes statute or otherwise incorporating the continuing offense doctrine which has developed in cases involving the tolling of the statute of limitations. *See id.* § 802.7 (continuing crimes statute); *State v. Francois,* 577 N.W.2d 417, 420–21 (Iowa 1998) (failure to appear to begin a jail sentence as ordered was a continuing offense); *cf. Woolsey v. State,* 111 Nev. 1440, 906 P.2d 723, 727 (1995). Nor does it reference federal sentencing cases in which similar considerations have been applied. *See United States v. Camacho,* 340 F.3d 794, 797 (9th Cir.2003); *United States v. Green,* 305 F.3d 422, 432–33 (6th Cir.2002); *United States v. Merino,* 44 F.3d 749, 753–54 (9th Cir.1994); *United States v. Lopez,* 961 F.2d 1058, 1059–60 (2d Cir.1992); *United States v. Martinez,* 890 F.2d 1088, 1091 (10th Cir.1989); *United States v. Gray,* 876 F.2d 1411, 1419 (9th Cir.1989). As a consequence, the cases cited by the parties on both sides of the "continuing offense" issue are all distinguishable, and do not enter into our analysis of Iowa's felony eluding statute.

Justice requires us to apply the plain and unambiguous statutory language of Iowa Code sections 321.279(3)(a) and 702.13 to the facts of this case. Once the illusion of the continuing offense doctrine is pried away and one focuses upon the text of the statute, it is manifest Doggett was not "participating in a public offense" at the time of the car chase by virtue of the fact that he failed to appear for trial on an unrelated charge ten days earlier. The legislature specifically defined "participating in a public offense" as including the period of time beginning with

> the first act done directly toward the commission of the offense and for the purpose of committing that offense, and terminating when the person has been arrested *or* has withdrawn from the scene of the intended crime and has eluded pursuers, if any there be.

Iowa Code § 702.13 (emphasis added). In the present case there is no evidence to suggest Doggett's participation in the crime of failure to appear did not begin and end ten days before the car chase when he failed to show up for his trial. At that time, one presumes, he was withdrawn from the so-called "scene of the intended crime," i.e., the courtroom at which he failed to appear, and there were no pursuers. Because it cannot be said that Doggett was "participating" in the crime of failure to appear during the car chase, the court of appeals wrongfully concluded there was a factual basis for the felony eluding charge to which Doggett pled guilty.[2]

---

**2.** Of course, we do not decide whether failure to appear for trial is a continuing offense for statute of limitations purposes.

The State nonetheless argues we should not find Doggett's trial counsel constitutionally ineffective because an attorney cannot be faulted for failing to predict future changes in the law. *See, e.g., Snethen v. State*, 308 N.W.2d 11, 16 (Iowa 1981) (counsel not a "crystal gazer"). In this case, however, there is no change in the law: the statute of limitations and federal sentencing cases are clearly distinguishable, the plain and unambiguous language of the statute lent substantial weight to Doggett's lack-of-a-factual-basis claim, and no prior cases foreclosed the argument. *See State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982).

> A normally competent attorney who undertakes to represent a criminal defendant should either be familiar with the basic provisions of the criminal code, or should make an effort to acquaint himself with those provisions which may be applicable to the criminal acts allegedly committed by his client.

*Id.* at 71–72 (footnote omitted). No reasonably competent practitioner would allow a client to plead guilty in view of the plain language of this statute. *See State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996) ("We will find counsel failed to perform an essential duty if defense counsel allows the defendant to plead guilty to a charge for which no factual basis exists and thereafter fails to file a motion in arrest of judgment challenging the plea."). Importantly, Doggett was clearly prejudiced as a result of his trial counsel's failure; had counsel raised the issue Doggett could not have been convicted of the crime.

Because Doggett has proved by a preponderance of the evidence that his trial

counsel failed to perform an essential duty and prejudice resulted, we conclude his right to counsel was abridged. *See Dalton*, 674 N.W.2d at 119. We vacate his conviction and remand for further proceedings not inconsistent with this opinion.

## IV. Conclusion

Doggett's trial counsel was constitutionally ineffective for failing to raise a lack-of-a-factual-basis challenge to the felony eluding charge to which he pled guilty. The mere fact Doggett had failed to appear for trial on an unrelated charge ten days earlier did not constitute "participating in a public offense" at the time of the car chase for purposes of Iowa's felony eluding statute. The decision of the court of appeals on this issue must be vacated, and the district court judgment reversed.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT REVERSED; REMANDED FOR FURTHER PROCEEDINGS.**

All justices concur except LARSON, J., who takes no part.

---

Nor are Doggett's subjective intentions in eluding the police relevant here. While Doggett's reckless flight from the casino was no doubt motivated by his knowledge that there was a probably a warrant out for his arrest, this mere fact does not determine whether he was participating in the public offense of failure to appear at the time of the car chase.