STATE of Iowa, Plaintiff–Appellee

v.

Karen Suzanne MILOM, Defendant–Appellant.

No. 06–2111.

Court of Appeals of Iowa.

Nov. 15, 2007.

118

Mark C. Smith, State Appellate Defender, and Robert Ranschau, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas Tauber, Assistant Attorney General, Mark Tremmel, County Attorney, and Ed Harvey, Special Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and VAITHESWARAN and BAKER, JJ.

BAKER, J.

Karen Milom appeals from her convictions for conspiracy to manufacture methamphetamine, in violation of Iowa Code section 124.401(1)(c)(6) (2005), and possession of a precursor, in violation of section 124.401(4). We affirm.

## I. Background Facts and Proceedings.

On August 30, 2005, police received information from a concerned citizen about a possible methamphetamine lab site along a country road. Investigation of the site by officers revealed items that had been used to manufacture methamphetamine. In particular, the officers discovered two Wal–Mart receipts dated August 17, one of which indicated the purchase of lithium batteries and the other which indicated the purchase of three cans of starter fluid.[1] The two purchases indicated they were made within minutes of each other at the same store.

An officer subsequently took the receipts to Wal–Mart and viewed a copy of videotape that recorded the transactions memorialized in the receipts. The tape showed two women making the purchases at different checkout counters. A different videotape showed the women entering the same vehicle and driving away in the same vehicle, which the officer observed was a Pontiac 6000 with a missing hubcap.

Further investigation led the officers to Beverly Burk, who they believed had purchased the starter fluid. After interviewing Burk, officers were directed to Karen Milom, who Burk told officers had asked her to buy the starter fluid. Officers showed Milom the videotape. Initially, she denied it was her on the tape, but she later said she was buying batteries for her son's camera. After finding that the batteries would not have fit her son's camera, Milom claimed her son bought a new camera.

Based on this investigation, the State charged Milom with conspiracy to manufacture methamphetamine and possession of a precursor. Following a trial, the jury found her guilty of both counts. The court sentenced Milom to indeterminate terms of ten and five years, to be served concurrently. Milom appeals from this conviction, claiming her counsel was ineffective in failing to preserve a challenge to the sufficiency of the evidence and that the district court erred in overruling her motion for new trial.

## II. Ineffective Assistance of Counsel.

Milom asserts "trial counsel provided ineffective assistance of counsel by failing to make a specific motion in arrest of judgment." With regard to the conspiracy conviction, she claims there was a lack of "direct evidence" that she entered into an express agreement with anyone. With regard to the possession of a precursor conviction, she argues the State failed to produce evidence that *she* had the intent to use the precursor herself to manufacture a controlled substance.

In an ineffective-assistance-of-counsel claim we review de novo the totality of relevant circumstances. *State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987). An ineffective-assistance-of-counsel claim falls within an exception to the general rule that a party must preserve error in the district court. *State v. Doggett,* 687 N.W.2d 97, 100 (Iowa 2004). While these claims are normally preserved for postconviction relief, "we will consider the merits of such a claim on direct appeal if the record is adequate." *Id.* The record is adequate in this case.

To prove ineffective assistance of counsel, the appellant must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *See State v. Simmons,* 714 N.W.2d 264, 276 (Iowa

---

1. Lithium and starter fluid are two ingredients in the manufacture of methamphetamine. Although officers did not locate any batteries at the scene, subsequent lab analysis indicated that lithium had been used in the manufacturing process that had taken place.

2006). Whether counsel failed to perform an essential duty is "measured against the standard of a reasonably competent practitioner with the presumption that the attorney performed his duties in a competent manner." *Doggett,* 687 N.W.2d at 100. Whether prejudice resulted depends on finding "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Hopkins,* 576 N.W.2d 374, 378 (Iowa 1998).

Evidence is sufficient to withstand a motion for judgment of acquittal when, viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in the State's favor, "there is substantial evidence in the record to support a finding of the challenged element." *State v. Reynolds,* 670 N.W.2d 405, 409 (Iowa 2003). Substantial evidence means evidence that "could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *Id.* at 410. When the record contains substantial evidence of guilt, the reviewing court is bound on appeal. *State v. Button,* 622 N.W.2d 480, 483 (Iowa 2001).

**A. Conspiracy to Manufacture.** Upon our review of the record, we conclude substantial evidence supports the jury's finding that Milom entered into an agreement with someone to manufacture methamphetamine, and that therefore counsel did not provide ineffective assistance in failing to raise a challenge to the sufficiency of the evidence on this ground. The jury was instructed that in order to find Milom guilty on this count, the State had to prove the following:

1. On or about August 17, 2005 in Wapello County, Iowa the defendant agreed with one or more persons that one or more of them would

A. commit the offense of manufacturing methamphetamine; or

B. attempt to commit the manufacture of methamphetamine.

2. The defendant entered into the agreement with the specific intent to promote or facilitate the manufacture of methamphetamine.

3. The defendant or another person involved in the agreement committed an overt act to further the purpose of the agreement.

"A conspiracy is a combination or agreement between two or more persons to do or accomplish a criminal or unlawful act, or to do a lawful act in an unlawful manner." *State v. Ross,* 573 N.W.2d 906, 914 (Iowa 1998). An agreement may be established by either direct or circumstantial evidence. *Id.* "A tacit understanding-one inherent in and inferred from the circumstances-is sufficient to sustain a conspiracy conviction." *State v. Speicher,* 625 N.W.2d 738, 742 (Iowa 2001).

We believe the jury could reasonably have inferred from the circumstances an agreement between Milom and Burk to manufacture methamphetamine. Milom is Burk's aunt. They apparently arrived at Wal–Mart in the same vehicle and left together in that same vehicle. Milom admitted they purchased the items, which are commonly used in the methamphetamine manufacturing process, within minutes of each other. According to the testimony of police officer Tom McAndrew, Milom's and Burk's actions correspond to the behaviors typically exhibited by individuals who are purchasing the ingredients for methamphetamine.

Thirteen days after Milom's and Burk's purchases, police officers were alerted to a clandestine, road-side methamphetamine laboratory. At that site, officers discovered the receipts corresponding to the purchases they had earlier made at Wal–Mart. Three cans of Prestone starter fluid were

located at the site. This matched the brand and quantity purchased by Burk. While no lithium batteries such as those purchased by Milom were located, subsequent lab analysis proved lithium to have been used in the process. Officer McAndrew opined that the lab had been there for "more than a couple days."

Based on this evidence, a reasonable juror could have inferred that Milom entered into an agreement with her niece to manufacture or attempt to manufacture methamphetamine with the items purchased at Wal–Mart. The lab was discovered a short time following the purchases, and their actions mirrored those of other individuals who have also conspired to manufacture the drug. We affirm this conviction.

■ **B. Possession of a Precursor With Intent to Manufacture.** We next address Milom's contention that the evidence was insufficient to prove she possessed a precursor with the intent to manufacture methamphetamine. In particular, she claims "the intent to manufacture must be personal to the defendant." Because the State did not present substantial evidence that Milom intended to manufacture the drug herself, she asks that we reverse her conviction.

In *State v. Truesdell,* 679 N.W.2d 611, 614 (Iowa 2004), our supreme court addressed a similar contention with regard to Iowa Code section 124.401(4) (2001), which at that time required the State to prove the defendant possessed the precursors "with the intent to use the product to manufacture any controlled substance." In that case, the defendant had been arrested in the possession of a very large quantity of cold medication that contained

an essential ingredient for the manufacture of methamphetamine. *Id.* The court held that "the statute under which Truesdell was charged is directed at *the intent of the possessor to use the product to manufacture a controlled substance,* not the mere knowledge or belief of the possessor that the product would be used to manufacture a controlled substance." *Id.* at 618 (emphasis added).[2] It therefore reversed the conviction.

The court, however, also recognized that after the defendant in *Truesdell* had been charged with the crime, our legislature amended section 124.401(4). Under the amendment, which became effective July 1, 2004, the intent element was changed to prohibit possession of a product "with the intent *that the product be used* to manufacture any controlled substance." *Id.* at 617. The legislature removed the phrase "to use the product" and replaced it with the phrase "that the product be used." *Id.* This is the language under which Milom was convicted.

■ As the court in *Truesdell* recognized, a change in a statute can indicate either intent by the legislature to change the law or intent to clarify the original statute. *Tiano v. Palmer,* 621 N.W.2d 420, 423 (Iowa 2001). Generally, a material modification of the language of a statute gives rise to "a presumption that a change in the law was intended." *Midwest Auto. III, LLC v. Iowa Dep't of Transp.,* 646 N.W.2d 417, 425 (Iowa 2002). The existence of this presumption is enhanced "when the amendment follows a contrary . . . judicial interpretation of an unambiguous statute." *Id.*

---

**2.** The court noted this construction of the statute was the same as this court had taken in the previous unpublished decision of *State v. Pickerell,* No. 01–1808, 662 N.W.2d 371

(Iowa Ct.App.2003). The court also noted that the amendment by the legislature appeared to be in direct response to this case.

We conclude the unmistakable intent of the legislature in amending section 124.401 was to alter the intent element. Under the statute's new reading, the State could now show guilt by establishing that Milom possessed lithium with the intent that someone, *not necessarily herself,* would manufacture methamphetamine. A reasonable juror clearly could have found that Milom intended for someone to produce methamphetamine with her lithium batteries. A clandestine lab was discovered that, along with the many ingredients of the methamphetamine making process, had the receipt from Milom's purchase of lithium batteries. As substantial evidence supports the conviction of this crime, counsel was not ineffective in failing to challenge the sufficiency of the evidence based on *Truesdell. See State v. Leckington,* 713 N.W.2d 208, 217–18 (Iowa 2006) (counsel not ineffective for failing to pursue a meritless issue).

### III. Motion for New Trial.

Milom further maintains the court erred in overruling her motion for new trial. We review the denial of new trial motions for abuse of discretion. *State v. Reeves,* 670 N.W.2d 199, 202 (Iowa 2003). Abuse of discretion means the trial court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Axiotis,* 569 N.W.2d 813, 815 (Iowa 1997).

A trial court may grant a new trial "[w]hen the verdict is contrary to law or evidence." Iowa R.Crim. P. 2.24(2)(*b*)(6). "Contrary to . . . [the] evidence" means "contrary to the weight of the evidence." *State v. Ellis,* 578 N.W.2d 655, 659 (Iowa 1998). A verdict is contrary to the weight of the evidence where "a greater amount of the evidence supports one side of an issue or cause than the other." *Id.* at 658. The weight of evidence standard is distinguishable from the sufficiency of the evidence standard in that it is broader. *State v. Nitcher,* 720 N.W.2d 547, 559 (Iowa 2006).

We conclude the court did not abuse its discretion in rejecting Milom's claim that the verdicts were contrary to the weight of the evidence. As was already set forth in the previous divisions of this opinion, substantial evidence supports the convictions. While the evidence of the conspiracy may have been circumstantial, rather than direct, the evidence was not based merely on speculation or conjecture. Furthermore, due to inconsistent stories given by Milom regarding the reason for her purchase of lithium batteries, her credibility was called into question. The State's case was corroborated in many respects. We therefore affirm Milom's convictions.

**AFFIRMED.**