# IN THE COURT OF APPEALS OF IOWA

No. 3-1241 / 13-0046
Filed April 16, 2014


**STATE OF IOWA,**
        **Plaintiff-Appellee,**

**vs.**

**KENNETH WESLEY PAPPAS,**
        **Defendant-Appellant.**
_____


Appeal from the Iowa District Court for Benton County, Sean W. McPartland, Judge.


A defendant challenges his guilty plea as unsupported by a factual basis and involuntary. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, and David C. Thompson, County Attorney, for appellee.


Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

Kenneth Pappas challenges his guilty plea as unsupported by a factual basis and as involuntary.

## I.    *Background Proceedings*

Pappas pled guilty to second-degree sexual abuse.  After the district court imposed judgment and sentence, Pappas filed a notice of appeal.

While the appeal was pending, Pappas learned that the court reporter assigned to the plea proceedings inadvertently deleted the record prior to transcription.

In the absence of a transcript, Pappas filed a statement of the evidence as authorized by Iowa Rule of Appellate Procedure 6.806(1).  He asserted the district court failed to establish a factual basis for the plea and failed to inform him of the deadline for filing a motion in arrest of judgment to challenge the plea.  The State disputed both assertions.  The district court approved Pappas's statement in part and overruled it in part.  The judge stated he had no independent recollection of the plea proceeding but his general practice was to assess the factual basis for pleas and discuss timeframes for motions in arrest of judgment.  The court proceeded to rule as follows:

> The undisputed statements that Defendant acknowledged committing the crimes in question and that Defendant was informed of his right to file a motion in arrest of judgment is approved.  The Defendant's Statement of the Evidence otherwise is overruled, and is not accepted as a correct statement of the events in question.

On appeal, Pappas makes the following argument:

> The district court erred in failing to adopt defendant's statement of evidence as the court admitted having no independent recollection or contemporaneous documentation of the guilty plea

hearing and defendant's statutory right to have post-trial proceedings recorded has been violated. Additionally, the failure to elicit a factual basis during the plea proceedings renders the guilty plea involuntary and, therefore, invalid and the failure to file a motion in arrest of judgment challenging the plea constitutes ineffective assistance of counsel.

## II. Analysis

### A. Record for Review

We begin with the first prong of Pappas's argument, the district court's refusal to adopt his entire statement of the evidence. Pappas correctly points out that the district court is obligated to make a record of the guilty plea proceeding. *See* Iowa R. Crim. P. 2.8(3) ("A verbatim record of the proceedings at which the defendant enters a plea shall be made."). But the rules also envision circumstances when a record will be unavailable. If a record is unavailable, an appellate rule authorizes the preparation of a statement of the evidence, the filing of objections, and the court's settlement and approval of a final statement. Iowa R. App. P. 6.806. Nothing in the rule requires the district court to adopt the defendant's statement of the evidence in its entirety or precludes the court from considering its own general practice. Because Pappas, the State, and the district court followed the procedure outlined in rule 6.806, we conclude the district court did not err in declining to adopt Pappas's entire statement of the evidence.

### B. Error Preservation

We turn to the last portion of Pappas's argument—his attorney's failure to file a motion in arrest of judgment challenging the plea. Pappas acknowledges this omission raises an error preservation concern. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea

proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Pappas attempts to circumvent the omission in two ways.

First, he contends the district court failed to inform him of the deadline for filing such a motion, absolving him of the obligation to timely file such a motion. *See* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."); *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003) (stating defendant's failure to file a motion in arrest of judgment did not prevent her from challenging her guilty plea on appeal where district court failed to properly explain the process for challenging a plea). Pappas is correct that the court's written "acceptance of guilty plea and orders" did not mention the timeframe for filing a motion in arrest of judgment. However, according to the order, Pappas "was advised that any challenge to the plea of guilty based upon defects in the plea proceeding must be raised first by Motion in Arrest of Judgment in order to assert such challenge on appeal." We conclude this statement amounted to substantial compliance with rule 2.24(3). *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) ("We employ a substantial compliance standard in determining whether a trial court has discharged its duty under rule 2.8(2)(d). The court must ensure the defendant understands the necessity of filing a motion to challenge a guilty plea and the consequences of failing to do so." (citations omitted)); *State v. Howell*, No. 07-1179, 2008 WL 783760, at *1 (Iowa Ct. App. Mar. 26, 2008) ("We are aware of no rule that

requires the defendant to be informed of the time limit for filing a motion in arrest of judgment. We find there was substantial compliance with rule 2.8(2)(d). Because Howell did not file a motion in arrest of judgment, he did not preserve a challenge to his guilty plea for appeal.").

Second, Pappas argues his failure to file a motion in arrest of judgment does not preclude review, because we may review his challenges to the factual basis and voluntariness of the plea under an ineffective-assistance-of-counsel rubric. We agree. *See State v. Doggett*, 687 N.W.2d 97, 100–02 (Iowa 2004).

### C. Factual Basis

Pappas contends the district court failed to establish a factual basis for the plea. We must first decide whether the record is adequate to consider the issue on direct appeal or whether we must preserve the issue for postconviction relief to allow the development of the record. *See id*. at 100 (noting ineffective-assistance-of-counsel claims are ordinarily preserved for postconviction relief).

Pappas acknowledges the record contains the minutes of testimony outlining the evidence supporting the charge. He contends, however, that "there is nothing in the record to indicate that the district court consulted the minutes of testimony, or that defendant acquiesced to any such consultation."

The Iowa Supreme Court addressed a virtually identical issue in *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). The court stated, "the failure of the district court . . . to explain on the record the evidence supporting his finding of a factual basis is . . . an omission unrelated to the substantive claim" that the plea bargain was invalid because of the lack of accuracy of the factual basis. *Finney*, 834 N.W.2d at 62. The court concluded it was appropriate to examine the entire

record, including the minutes of testimony, to determine the existence of a factual basis. *Id.* Because the minutes of testimony are in our record, we conclude the record is adequate to address the factual basis issue on direct appeal. To prevail, Pappas must show that counsel breached a duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Pappas pled guilty to second-degree sexual abuse. Sexual abuse is defined as follows: "Any sex act between persons is sexual abuse by either of the persons when the act is performed with the other person in any of the following circumstances . . . [s]uch other person is a child." Iowa Code § 709.1(3) (2011). Second-degree sexual abuse can occur in a variety of circumstances, including where "[t]he other person is under the age of twelve." *Id.* § 709.3(2). The minutes of testimony reveal that Pappas performed a sex act with a child who was under the age of twelve. These minutes provide a factual basis for Pappas's plea. Accordingly, Pappas's attorney breached no essential duty in failing to file a motion in arrest of judgment challenging the plea on that ground.

### D. Voluntariness of Plea

Pappas next asserts his plea was involuntary. This claim is distinct from an assertion that counsel was ineffective in failing to challenge the factual basis of the plea. *See Finney*, 834 N.W.2d at 56, 61–62.

> [T]he voluntariness requirement stems from the due process right that a waiver of constitutional rights must be made voluntarily, which requires that a plea be knowing and intelligently made. . . . [T]he defendant's understanding of these matters involve[s] a subjective concern, requiring the trial court to delve into the accused's state of mind, and . . . such an inquiry is best done on the record through a thorough personal colloquy between the court and the defendant.

*Id.* at 58. This issue, like the factual basis issue, would have to be reviewed under an ineffective-assistance-of-counsel rubric, given counsel's failure to file a motion in arrest of judgment. *See State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996).

We must determine whether the record is adequate to address the voluntariness issue on direct appeal. Because this issue raises a subjective concern that is best resolved through a personal colloquy with the court, we conclude the district court's final statement of the evidence is inadequate to assess the claim. Accordingly, we preserve this issue for postconviction relief to further develop the record on what transpired at the plea proceeding.

## III.    Disposition

We affirm Pappas's judgment and sentence for second-degree sexual abuse. We preserve his claim that his attorney was ineffective in failing to file a motion in arrest of judgment to challenge the voluntariness of his plea.

**AFFIRMED.**