# IN THE COURT OF APPEALS OF IOWA

No. 14-0055
Filed May 20, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAEVONE RASHAD BROWN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

The defendant appeals from the judgment and sentence entered upon his conviction of second-degree robbery. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, John P. Sarcone, County Attorney, and Jim Ward, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Daevone Brown appeals from the judgment and sentence entered upon his conviction of second-degree robbery. He contends there is insufficient evidence to support a guilty verdict. Brown also contends the court erred in imposing a mandatory minimum sentence because Brown was a minor at the time the crime was committed.

**I. Background Facts and Proceedings.**

On January 28, 2013, Lyndsey Buckley reported Brown and Andrew Buchanan had robbed her of $1277. She stated a gun was held to her head and one of the men threatened to kill her if she called the police. Buckley repeated her version of events to another officer on the day in question and once more three days later. Those statements were consistent.

The State charged both Brown and Buchanan with first-degree robbery, in violation of Iowa Code sections 711.1 and 711.3 (2013). Because he was charged with a forcible felony, Brown was prosecuted as an adult even though he was seventeen years old at the time the crime was committed. *See* Iowa Code § 232.8(1)(c). Brown initially pleaded guilty to amended charges of first-degree theft, assault while participating in a felony, and going armed with intent. He later filed a pro se motion in arrest of judgment, which the court granted, and the original charge of first-degree robbery was reinstated.

Brown and Buchanan were tried together in November 2013. At trial, Buckley recanted the statements she had given police in January 2013. She testified she was angry with Brown because she thought he was seeing another woman. In her new version of events, Buckley claimed she owed Brown money

and considered his act of taking the $1277 a repayment on the loan. She further testified she lied to the police when she stated a gun was held to her head. Despite the change in Buckley's version of events, the jury found both Brown and Buchanan guilty of robbery in the second degree. Brown was sentenced to an indeterminate term of no more than ten years in prison and was ordered to serve at least seven-tenths of that sentence. *See* Iowa Code §§ 902.9, .12.

**II. Sufficiency of the Evidence.**

Brown first contends the court erred in denying his motion for judgment of acquittal because there is insufficient evidence to support a conviction for second-degree robbery. We review his claim for a correction of errors at law. *See State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015). "Evidence is sufficient to withstand a motion for judgment of acquittal when, viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in the State's favor, there is substantial evidence in the record to support a finding of the challenged element." *State v. Milom*, 744 N.W.2d 117, 120 (Iowa Ct. App. 2007) (internal quotation marks and citation omitted).

In order to find Brown guilty of second-degree robbery, the jury was instructed the State had to prove the following:

> 1. On or about the 28th day of January, 2013, the defendant Daevone Rashad Brown, or someone he aided and abetted had the specific intent to commit a theft.
> 2. To carry out his or another's intention or to assist him in escaping from the scene, the defendant, or the person or persons he aided and abetted:
>   a. Committed an assault upon Lyndsey Buckley, and/or
>   b. Threatened Lyndsey Buckley with, and/or purposely put Lyndsey Buckley, in fear of immediate serious injury.

Brown notes Buckley is the only witness who could offer a firsthand account of what occurred and asserts her testimony "falls far short" of establishing the elements of second-degree robbery.

We find substantial evidence in the record supports Brown's conviction of second-degree robbery. We note our earlier opinion concluding the evidence presented at trial was sufficient to support Buchanan's second-degree robbery conviction. *State v. Buchanan*, No. 13-1999, 2015 WL 162028, at *2 (Iowa Ct. App. Jan. 14, 2015) (noting that although Buckley changed her version of the facts at trial, a rational factfinder could find her original version of events, which satisfied the elements of second-degree robbery, was more credible). We affirm on the same basis. The statements Buckley made to law enforcement in January 2013 establish the elements of second-degree robbery. Although her statement changed at trial, the jury was not bound to accept her trial testimony. *See State v. Frake*, 450 N.W.2d 817, 818-19 (Iowa 1990). When confronted with two different versions of events, the jury's determination of the facts "would likely be based upon the credibility of the witness." *Id.* The function of the jury is to weigh the evidence and determine witness credibility. *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006).

### III. Sentence.

Brown also challenges the imposition of the mandatory minimum sentence given his age at the time the crime was committed. In *State v. Lyle*, 854 N.W.2d 378, 404 (Iowa 2014), our supreme court held article I, section 17 of the Iowa Constitution "forbids a mandatory minimum sentencing schema for juvenile offenders that deprives the district court of the discretion to consider youth and its

attendant circumstances as a mitigating factor and to impose a lighter punishment by eliminating the minimum period of incarceration without parole." Because Brown challenges the constitutionality of his sentence, our review is de novo.  *See Lyle*, 854 N.W.2d at 382.

We note *Lyle* does not prohibit the court from imposing a minimum sentence; rather, the court must use its discretion to consider youth and its attendant circumstances as a mitigating factor.  *Id.* at 404.  Therefore, before imposing a minimum sentence, the court must determine the following factors warrant a minimum period of incarceration without parole:

> (1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change.

*Id.* at 404 n.10.

Brown argues the court failed to exercise its discretion in sentencing him to a minimum period of parole.  Because the sentencing hearing was held in December 2013, the district court did not have the benefit of the *Lyle* opinion when sentencing Brown.  During the sentencing Brown argued the mandatory sentence was unconstitutional, and in response, the court stated, "Well, my interpretation of the law right now, Mr. Brown, is that the mandatory minimum must be imposed."  Brown argues this statement makes it obvious the district court felt it had no discretion.

The court did not stop its analysis with its statement of belief "the mandatory minimum must be imposed"; rather, it went on to give some other reasons for imposing the minimum sentence:

> So in reviewing the PSI and having heard the evidence in this case, assuming for the sake of argument that I am wrong and you are correct, it is this Court's view that the rehabilitation potential for Mr. Brown is limited. Certainly, it is lessened. And, for whatever reason, Mr. Brown, at a very young age, has demonstrated a significant willingness to disregard the rights, the feelings, and the safety of others. And so, to that extent, if an individualized decision has to be made under these circumstances, those are the observations that I make.

However, the court did not explicitly consider each of the factors set forth in *Lyle* and prior juvenile sentencing opinions. Given the heightened requirements of *Lyle*, we conclude remand is required for a hearing to consider "all the relevant factors and facts of the case." *Id.*

We vacate the sentence and remand for a new sentencing hearing to consider the factors set forth in *Lyle*.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**