# IN THE SUPREME COURT OF IOWA

No. 08–1756

Filed October 1, 2010

**STATE OF IOWA,**

Appellee,

vs.

**TYLER RAY OBERHART,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Jasper County, Dale B. Hagen, Judge.

Defendant seeks further review of the court of appeals' decision affirming his first-degree murder conviction. **DECISION OF COURT OF APPEALS VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

Richard E.H. Phelps II of Phelps Law Office, Mingo, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, and Michael K. Jacobsen, County Attorney, for appellee.

**TERNUS, Chief Justice.**

This matter comes to us on further review of the court of appeals' decision affirming the first-degree murder conviction of appellant, Tyler Ray Oberhart. We have taken the case on further review to consider Oberhart's argument that his trial counsel provided ineffective assistance by failing to move to suppress incriminating statements Oberhart made to law enforcement officers.[1] *See State v. Doggett*, 687 N.W.2d 97, 99 (Iowa 2004) (declining to exercise discretion on further review to consider all issues raised on appeal, deciding instead to consider only the ineffective-assistance-of-counsel claim). The court of appeals concluded the record on this issue was sufficient to decide this claim on direct appeal and then found the record established that trial counsel had not been ineffective. We believe the court of appeals erred in finding the record on direct appeal sufficient and, therefore, preserve for postconviction review the issue of whether trial counsel was ineffective for failing to move to suppress defendant's video statement.

On October 6, 2007, Oberhart stabbed Jerry Pittman II during an attempt to scare Pittman into giving Oberhart and his friends drugs or money. Oberhart was charged with felony murder based on the predicate felony of robbery. During the police investigation that ensued, seventeen-year-old Oberhart was given juvenile *Miranda* warnings. He waived his rights and gave a videotaped statement of his participation in Pittman's death. He now asserts that trial counsel was ineffective for failing to move to suppress this statement because the *Miranda* warnings he was given implied a false promise of leniency, rendering his statement

---

[1]The court of appeals' decision is final as to the other issues raised by the defendant on appeal. *See Everly v. Knoxville Cmty. Sch. Dist.*, 774 N.W.2d 488, 492 (Iowa 2009).

involuntary.  *See State v. McCoy*, 692 N.W.2d 6, 28–29 (Iowa 2005) (holding trial counsel breached an essential duty by failing to object to admission of defendant's statement on ground that it was induced by promise of leniency rendering statement involuntary and inadmissible).

The juvenile *Miranda* warnings given to Oberhart included the following information:  "Anything you say can be used against you in a court of law.  This includes the adult criminal court if the juvenile court waives jurisdiction.  Do you understand that?"  Oberhart asserts this warning implied the charges against him would be filed in juvenile court and would be transferred to adult criminal court only if the juvenile court waived jurisdiction.  He argues this information was inaccurate as to him because he was being investigated for a forcible felony.  A forcible felony is tried in adult court if the person charged is sixteen years or older, unless the case is transferred back to juvenile court for good cause.  *See* Iowa Code § 232.8(1)(*c*) (2007).  Oberhart maintains that, because the juvenile warnings implied a promise of leniency that did not exist in his situation, any subsequent statement was not voluntarily given.  Based on this argument, Oberhart asserts that his trial counsel was ineffective for failing to move to suppress his video statement.

This court has held that, under Iowa Code section 814.7, a defendant need not make a record on direct appeal to preserve an ineffective-assistance-of-counsel claim for postconviction review.  *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).  We stated in *Johnson*:

> Based on the provisions of section 814.7, we hold defendants are no longer required to raise ineffective-assistance claims on direct appeal, and when they choose to do so, they are not required to make any particular record in order to preserve the claim for postconviction relief.
>
>  . . . If the defendant requests that the court decide the claim on direct appeal, it is for the court to determine whether the record is adequate, and if so, to resolve the

claim. If, however, the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.

*Id.*

Applying these principles here, we note that the court of appeals concluded the record was sufficient to decide this matter on direct appeal. Nonetheless, the reasons given by the court of appeals for finding that Oberhart's ineffective-assistance claim fails include: (1) Oberhart did not claim he would not have waived his *Miranda* rights had he been told that, if he were charged with a forcible felony, he would be tried in adult court unless waived back to juvenile court;[2] (2) he presented no evidence that he lacked sufficient intelligence to understand his rights or the effect of the waiver; and (3) he made no claim the circumstances surrounding the questioning caused duress. These grounds rest on the absence of supporting evidence in the record, and therefore, we disagree with the court of appeals' assessment that the record is adequate to decide Oberhart's ineffective-assistance-of-counsel claim with regard to suppression of his video statement. Accordingly, without regard to the ultimate merit of such a claim and pursuant to our obligation under section 814.7(3), we preserve this claim for postconviction review. We vacate the court of appeals' contrary decision.

**DECISION OF COURT OF APPEALS VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

---

[2]Our reference to this ground of the court of appeals' decision should not be viewed as an indication that it states the correct test for prejudice under an ineffective-assistance-of-counsel claim. *See State v. Hrbek*, 336 N.W.2d 431, 436 (Iowa 1983) (finding ineffective assistance of counsel based on trial counsel's failure to move to suppress defendant's involuntary statement with no requirement that defendant show he would not have made statement had he not been given a promise of leniency); *accord McCoy*, 692 N.W.2d at 26–27.