# IN THE SUPREME COURT OF IOWA

No. 09–1457

Filed December 17, 2010

**STATE OF IOWA,**

Appellee,

vs.

**JAMES ALAN CHRISTENSEN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Woodbury County,[1] Arthur E. Gamble, Judge.

The defendant appeals a district court supplemental order requiring him to make a restitution payment to the Crime Victim Compensation Program. **REVERSED AND REMANDED.**

Susan R. Stockdale, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Andrew B. Prosser, and Becky S. Goettsch, Assistant Attorneys General, and Patrick A. Jennings, County Attorney, for appellee.

---

[1]Upon order of change of venue from Union County.

**PER CURIAM.**

In this appeal, we decide whether a criminal defendant ordered to reimburse the Crime Victim Compensation Program (CVCP) is entitled to predeprivation judicial review of the CVCP's restitution judgment.[2] *See State v. Doggett*, 687 N.W.2d 97, 99 (Iowa 2004) (declining to exercise discretion to consider all issues that were raised on further review). Because our recent decision in *State v. Jenkins*, 788 N.W.2d 640 (Iowa 2010), controls, we conclude that such a review is required. We accordingly reverse the decisions of the district court and court of appeals, and remand for further proceedings.

## I. Background Facts and Proceedings.

A Woodbury County jury convicted James Christensen of sexual abuse in the second degree. Following judgment and sentence, the State submitted a claim for payments previously made by the CVCP to the victim of Christensen's criminal conduct. The State filed a motion for entry of restitution without a hearing, which the district court denied.

At the restitution hearing, Christensen alleged that the CVCP's restitution judgment failed to comply with Iowa Code section 915.86 (2009), which governs how the CVCP is to calculate restitution. Specifically, Christensen asserted that the CVCP erred in its calculation of the victim's lost wages and erroneously continued to pay the victim restitution after the victim no longer suffered from a disability caused by Christensen's criminal conduct. Moreover, Christensen argued that Iowa Code chapter 910 offended due process if it required the district court to order reimbursement of CVCP payments without judicial review of the CVCP's restitution judgments.

---

[2]The court of appeals' decision is final as to the other issue Christensen raises on further review. *See State v. Oberhart*, 789 N.W.2d 161, 162 n.1 (Iowa 2010).

Rejecting Christensen's arguments, the district court held that it lacked the discretion to review factual determinations made by the CVCP in awarding restitution to victims of crime. Additionally, the district court held that Iowa Code chapter 910 did not violate due process because Christensen could secure relief through postdeprivation civil and administrative proceedings. The court of appeals, without opinion, affirmed the district court. We granted further review.

## II. Scope of Review.

Restitution orders are reviewed for correction of errors at law. *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004).

## III. Discussion.

**A. Preservation of Error.** Generally, error is preserved on an issue if (1) a party raises the issue before the district court, (2) the district court rules upon the issue, and (3) the party again raises the issue on appeal. *See State v. Seering*, 701 N.W.2d 655, 661–62 (Iowa 2005); *State v. Hernandez-Lopez*, 639 N.W.2d 226, 233 (Iowa 2002). The State argues that Christensen failed to preserve error at the district court level by failing to cite the statute and administrative rule claimed to have been violated by the CVCP in calculating the amount of restitution to be awarded to the victim. Because Christensen brought the nature of the alleged error to the attention of the district court at the restitution hearing, we disagree with the State and find that Christensen properly preserved error. *See Summy v. City of Des Moines*, 708 N.W.2d 333, 338 (Iowa 2006).

An issue is raised at the district court level if "the nature of the error has been timely brought to the attention of the district court." *Summy*, 708 N.W.2d at 338. That a party fails to cite the specific statute or rule in support of an issue at the district court level is not dispositive

of whether the issue has been preserved for appeal. *See Schneider v. State*, 789 N.W.2d 138, 147 (Iowa 2010); *Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 465 N.W.2d 280, 283–84 (Iowa 1991); *see also Summy*, 708 N.W.2d at 338 ("Error preservation does not turn . . . on the thoroughness of counsel's research and briefing . . . ."). Appellate review is warranted "when the record indicates that the grounds for a motion [are] obvious and understood by the trial court and counsel." *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005); *see also Griffin Pipe Prods. Co. v. Bd. of Review*, 789 N.W.2d 769, 772 (Iowa 2010) ("Our issue preservation rules are not designed to be hypertechnical.").

At the restitution hearing, the fighting issue between the parties was the extent to which the district court could upset a restitution judgment made by the CVCP. Christensen and his codefendant asserted that Iowa law called for predeprivation judicial review of the CVCP's factual findings, the deprivation of which would run afoul of due process. The State countered, asserting that the district court lacked the authority to review the amount of restitution imposed by the CVCP. The district court sided with the State, holding that it was "bound by the [CVCP's] determination" and therefore could not upset the CVCP's restitution judgment—even if it was made in violation of the statutes and rules governing CVCP restitution judgments.

Based on this discussion, no doubt all parties understood the grounds upon which Christensen attacked the validity of the CVCP restitution judgment. *See Williams*, 695 N.W.2d at 27. To that end, all parties had notice of the issues raised and were afforded an opportunity to be heard on those issues. *See State v. Tobin*, 333 N.W.2d 842, 844 (Iowa 1983) (observing that an underlying purpose of error preservation is to give "opposing counsel notice and an opportunity to be heard on the

issue and a chance to take proper corrective measures or pursue alternatives in the event of an adverse ruling."). Christensen, therefore, timely brought the nature of the alleged error—namely, the district court's authority to review the CVCP's restitution judgment—to the attention of the district court. *See Summy*, 708 N.W.2d at 338.

**B. Merits.** The crux of Christensen's argument on appeal is that the district court erred by ruling that it was bound by the CVCP's restitution judgment. While this case was pending on appeal, we ruled upon a nearly identical issue in *Jenkins*. In *Jenkins*, the defendant alleged that the CVCP erred in finding that the defendant's criminal conduct directly caused the victim's injuries. *Jenkins*, 788 N.W.2d at 642; *see* Iowa Code § 915.86 (limiting CVCP payments to compensate victims for injuries incurred "as a direct result" of the defendant's criminal acts). The district court, relying on *State v. Bradley*, 637 N.W.2d 206 (Iowa Ct. App. 2001), held that it lacked the discretion to review the CVCP's restitution judgment, regardless of whether a causal link existed between the defendant's criminal conduct and the victim's injuries. *Jenkins*, 788 N.W.2d at 642. Interpreting Iowa Code chapter 910 to avoid constitutional pitfalls, we reversed.

We explained that a district court has the authority to "review CVCP payments to determine whether there is a causal connection with the underlying crime . . . in order to determine the proper amount of a restitution order." *Id.* at 645. We reasoned that such a review of CVCP restitution judgments "provides defendants with a meaningful predeprivation remedy to challenge erroneous CVCP payments." *Id.*

*Jenkins* controls the case at bar and commands a resolution in favor of Christensen. We make no distinction between a district court's discretion to review the CVCP's causation determinations and its

discretion to review the CVCP's calculation-of-benefits determinations. In both instances, the district court is to examine whether the CVCP abided by Iowa Code section 915.86 in rendering the restitution judgment. *See id.* at 647. Doing so ensures defendants a predeprivation review of potentially erroneous CVCP judgments. *See id.* Therefore, relying upon the reasons set forth in *Jenkins*, we reverse the decisions of the district court and court of appeals, and remand for further proceedings consistent with our decision in *Jenkins*.

**REVERSED AND REMANDED.**

This opinion shall not be published.