**IN THE COURT OF APPEALS OF IOWA**

No. 12-1513
Filed May 14, 2014

**TYLER RAY OBERHART,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Jasper County, Brad McCall,

Judge.

        A postconviction-relief applicant contends his trial attorneys were

ineffective in failing to seek suppression of his videotaped statement to police.

**AFFIRMED.**

        John C. Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney

General, and Michael K. Jacobsen, County Attorney, for appellee State.

        Considered by Danilson, P.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

Tyler Oberhart appeals the denial of his postconviction-relief application. He contends his trial attorneys were ineffective in failing to seek suppression of his videotaped statement to police.

## I.      *Background Proceedings*

Police investigated seventeen-year-old Oberhart in connection with the death of a young man, Jerry Pittman.  During the investigation, Oberhart was read *Miranda*[1] warnings that applied to juveniles.  The warnings included the following statement: "Anything you say can be used against you in a court of law. (This includes the adult criminal court if the Juvenile Court waives jurisdiction)." The warning was inaccurate because teens who are sixteen or older and are charged with a forcible felony "are excluded from the jurisdiction of the juvenile court and shall be prosecuted as otherwise provided by law unless the court transfers jurisdiction of the child to the juvenile court upon motion and for good cause."  Iowa Code § 232.8(1)(c) (2007).  After the warning was given, police obtained a videotaped confession from Oberhart.

Oberhart was subsequently found guilty of first-degree murder.  On direct appeal, he claimed, in part, that his trial attorneys were ineffective in failing to seek suppression of his statement.  He specifically asserted that the juvenile *Miranda* warnings implied a false promise of leniency that rendered his statement involuntary.  *See State v. Oberhart*, 789 N.W.2d 161, 162 (Iowa 2010).  This court addressed and rejected the claim.  *See State v. Oberhart*, No. 08-1756,

---

[1] "In *Miranda* the Supreme Court mandated that during custodial interrogation, an accused be advised of certain constitutional rights."  *State v. Davis*, 446 N.W.2d 785, 788 (Iowa 1989) (citing *Miranda v. Arizona*, 384 U.S. 436 (1966)).

2010 WL 2079698, at *5 (Iowa Ct. App. May 26, 2010). On further review, the Iowa Supreme Court vacated our opinion, finding the record inadequate to decide the issue. *See Oberhart*, 789 N.W.2d at 163. The court preserved the issue for postconviction relief. *Id.*

Oberhart filed an application for postconviction relief, which the district court denied following a hearing at which a deposition of one of his trial attorneys was admitted. Oberhart appealed.

## II. Analysis

Oberhart reiterates that his trial attorneys should have moved to suppress his videotaped confession on the ground that the confession was involuntary. Although he does not directly address the question of whether the juvenile *Miranda* warnings contained a promise of leniency—a promise that he would be tried in juvenile rather than adult court—that is the underlying premise of his argument. The State responds that (1) the officers "never promised" Oberhart "would be charged in juvenile court," (2) the juvenile *Miranda* warning "did not induce Oberhart to speak with police because he decided to talk before receiving" that warning, and (3) "suppression of Oberhart's videotaped statements [did] not fit with a reasonable trial strategy chosen by his experienced trial attorneys." On our de novo review, we find the State's third contention dispositive. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012) (setting forth the standard of review).

"To establish an ineffective-assistance-of-counsel claim, a claimant must prove by a preponderance of the evidence '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v.*

*Madsen*, 813 N.W.2d 714, 724 (Iowa 2012) (quoting *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984)). "[R]easonable strategic considerations may justify the rejection of one theory of defense in favor of another theory reasonably perceived by counsel to be in the accused's best interest." *Anfinson v. State*, 758 N.W.2d 496, 501 (Iowa 2008).[2]

One of Oberhart's attorneys testified by deposition that the defense theory was not to deny Oberhart's involvement but to convince the jury Oberhart acted in the heat of passion, which would result in conviction for "voluntary manslaughter as opposed to murder I or murder II." He agreed that, to support this defense, Oberhart either would have to testify or would have to present his version of events to the jury in some other way. The defense team and Oberhart jointly decided not to have him testify because taking the stand would subject him to cross-examination. Instead, the team relied on his videotaped statement.

During closing argument, counsel told the jury that Oberhart was provoked into stabbing Pittman after Pittman struck him "in the face," and Oberhart reacted "without thinking." He went on to advise the jury that Oberhart "did not have to take the stand" and the jury could not "draw any inference" from his failure to do so, but, even without his live testimony, the jury "heard from" Oberhart through

---

[2] In *State v. Madsen*, 813 N.W.2d 714, 724 (Iowa 2012) the court stated on direct appeal that there is "no strategic or tactical reason for not filing" a suppression motion based on the evidentiary test of promissory leniency. The court cited *State v. McCoy*, 692 N.W.2d 6, 27 (Iowa 2005) for this proposition. In *McCoy*, the Iowa Supreme Court had remanded an ineffective-assistance-of-counsel claim based on promissory leniency to allow counsel the opportunity to explain his omission. *McCoy*, 692 N.W.2d at 27. Based on counsel's testimony at the remand hearing that "he could think of no grounds for filing a motion to suppress the statements," the court stated, "There was therefore no strategic or tactical reason for not filing the motion." *Id.* Reading the two opinions together, we conclude the supreme court did not foreclose an examination of possible strategic reasons for failing to file a motion to suppress based on promissory leniency.

his statement to the officer. The attorney acknowledged changes in Oberhart's story through the course of the interview, but likened the changes to the evolving stories of the other young people involved in the altercation. He pointed out that Oberhart did not have to tell the officer anything, but chose to "c[o]me clean" and admit to stabbing Pittman twice. Counsel continued,

> I'm not going to fool you, I know [Oberhart] admitted [that] he in fact stabbed Jerry Pittman in the leg. I believe he beat Jerry Pittman on the face. He was mad. He had been hit. He was reacting like many other people would have reacted. I am not going to tell you he didn't do those things. But has the State proved beyond a reasonable doubt that there was premeditation, that there was willfulness, that there was malice, there was consideration, deliberation, reflection, thought given into his actions, or were they a result of a provocation, a serious impulse or emotional outburst on his part that he could not control after being hit . . . ?

We conclude counsel made a reasonable strategic decision to rely on the videotaped statement. *See Fryer v. State*, 325 N.W.2d 400, 413 (Iowa 1982) (finding an attorney acted strategically, because "by allowing [the defendant's] statement . . . to be admitted in evidence, defense counsel had [the defendant's] largely exculpatory version of the affair before the jury without [the defendant] being required to take the stand and be subjected to cross-examination"). Accordingly, counsel did not breach an essential duty in failing to move for suppression of the statement, and Oberhart's ineffective-assistance-of-counsel claim fails.

We affirm the denial of Oberhart's postconviction-relief application.

**AFFIRMED.**