# IN THE COURT OF APPEALS OF IOWA

No. 15-0218
Filed October 14, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT CARL DAVIS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dickinson County, David C. Larson, District Associate Judge.

Scott Davis appeals his conviction and sentence on one count of theft in the third degree following his guilty plea. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, and Jon M. Martin, County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Scott Davis appeals his conviction and sentence on one count of theft in the third degree[1] following his guilty plea.

On three days in August 1997, Davis wrote three checks totaling $686.43 and tendered them as payment for goods at Wal-Mart in Spirit Lake, Iowa. The checks indicated Davis's address was in Worthington, Minnesota. The checks were not paid because the checking account was closed. When Wal-Mart sent a demand for payment to the Worthington address by certified mail, it was notified that Davis had moved out of that residence and left no forwarding address.[2] Wal-Mart filed a criminal complaint in Dickinson County and the court issued an arrest warrant on November 13, 1997.

The State filed its trial information over eleven years later, on March 30, 2009. The district court approved the trial information and ordered arraignment. It further ordered, "Warrant previously issued for the Defendant's arrest shall remain outstanding." Davis was arrested in Minnesota nearly six years later, on January 2, 2015. He was appointed counsel. Davis's initial appearance and arraignment occurred on January 15, 2015, at which time Davis pleaded guilty pursuant to a written guilty plea to one count of theft in the third degree. He was

---

[1] "A person commits theft when [he m]akes, utters, draws, delivers, or gives any check . . . on any person or corporation, and obtains property or service in exchange therefor, if the person knows that such check . . . will not be paid when presented." Iowa Code § 714.1(6) (1997). "The theft of property exceeding five hundred dollars but not exceeding one thousand dollars in value . . . is theft in the third degree[,] . . . an aggravated misdemeanor." *Id.* § 714.2(3).

[2] Wal-Mart sent Davis two notices in September 1997, both of which were returned. The return labels indicated the forwarding time had expired but included the address of an apartment in Ridgeland, Mississippi. Wal-Mart sent Davis a third notice in October 1997, this time by certified mail. This notice was also returned, and the return label indicated Davis had "moved [and] left no address."

sentenced to serve sixty days in jail and to pay a fine. Both the jail term and the fine were suspended, and Davis was placed on probation for one year.

Davis now appeals,[3] asserting his counsel rendered ineffective assistance by failing to object to the timeliness of the filing of the trial information or the State's compliance with speedy trial requirements. We review de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To prove ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *Id.* We prefer to preserve ineffective-assistance claims for postconviction relief proceedings, and we deviate from that preference only if the record is sufficient to rule on the merits of the appellant's claim. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011); *State v. Oberhart*, 789 N.W.2d 161, 162–63 (Iowa 2010).

Davis claims his counsel had a duty to object to the State's failure to comport with the statute of limitations and his speedy trial rights. If counsel "allowed his client to plead guilty to charges that could have been dismissed with prejudice, then he failed to perform an essential duty." *Ennenga*, 812 N.W.2d at 702. In the context of ineffective-assistance claims, we must evaluate whether the objections would have been meritorious. *See id.* at 703–08 (evaluating the merits of appellant's speedy-trial claim); *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise issues that have no merit."). With

---

[3] Davis filed his notice of appeal on February 6, 2015. He filed a motion in arrest of judgment in district court on February 11, 2015. The district court found it had no jurisdiction to consider the motion in arrest of judgment. *See State v. Mallett*, 677 N.W.2d 775, 776 (Iowa 2004) ("[A]n appeal divests a district court of jurisdiction.").

our current record, we are not able to determine the merits of Davis's statute-of-limitations claim or his speedy-trial claim.

First, the crime charged is subject to a three-year statute of limitations. *See* Iowa Code § 802.3 ("[A]n indictment or information for a[n] . . . aggravated . . . misdemeanor shall be found within three years after its commission."). However, that limitation period is subject to periods of exclusion. For example, "no period during which the party charged was not publicly resident within the state is a part of the limitation." *Id.* § 802.6(1). Davis himself concedes "his residency for the seventeen-and-a-half-year period between the filing of his complaint and his arrest is an open question." The record is devoid of facts that would permit us to determine whether Davis would have prevailed had counsel moved to dismiss the charge on the basis of the statute of limitations.

Second, our rules of criminal procedure provide, "[T]he defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown." Iowa R. Crim. P. 2.33. Both Davis and the State assert potential causes for the delay between the trial information and the trial that could or could not be considered "good cause." However, there is no evidence in the record from which we might extrapolate the reason for the delay or whether the delay was for good cause.

It is undisputed that the trial information was filed more than three years after the criminal complaint was filed, but it is unclear whether an exclusionary period renders the information timely. It is undisputed Davis was not brought to trial within ninety days after the information was found, but it is unclear whether good cause exists to prevent dismissal. On his ineffective-assistance claim,

Davis bears the burden of proving counsel failed to perform an essential duty. *See Ennenga*, 812 N.W.2d at 702. He cannot do so on the existing record. We acknowledge, however, that development of the record may reveal counsel's performance was deficient. We therefore affirm Davis's conviction but preserve his ineffective-assistance claims for postconviction review.

**AFFIRMED.**