# IN THE COURT OF APPEALS OF IOWA

No. 18-1378
Filed May 15, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SEFTON ROYD AKIN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Buena Vista County, Charles Borth, Judge.

A defendant appeals his conviction for third-offense public intoxication, contending his constitutional rights were violated by the requirement he submit a DNA sample. **AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Sefton Akin seeks to set aside his guilty plea to third-offense public intoxication because his trial counsel allegedly failed to ensure Akin understood the conviction required him to submit a DNA sample for the state database. Because we cannot tell from this record whether counsel breached a duty or Akin suffered prejudice, we affirm his conviction and preserve the claim for potential postconviction-relief proceedings.

Akin's guilty plea resulted from a negotiated agreement with the State. As a result of an angry confrontation with his neighbors in May 2018, Akin faced charges of public intoxication, third or subsequent offense, an aggravated misdemeanor in violation of Iowa Code sections 123.46(2) and 123.91 (2018), and assault causing bodily injury or mental illness, a serious misdemeanor in violation of sections 708.1(2) and 708.2(2). The Buena Vista County Attorney agreed to dismiss the assault charge in return for Akin's plea to third-offense public intoxication. Akin understood the prosecutor would recommend an indeterminate two-year prison term to run concurrently with his sentences from two separate cases.

At sentencing, the court committed Akin to the custody of the Iowa Department of Corrections for a term not to exceed two years and further ordered:

☒ Pursuant to Iowa Code §81.2, Iowa Code §81.4, and Iowa Code §901.5 (8A), the defendant shall submit a DNA sample for DNA profiling.

Akins challenges that sentencing provision. He does so by claiming he received ineffective assistance of counsel because his attorney did not advise him

the guilty plea "subjected [him] to a DNA sampling and inclusion in the Iowa DNA database."[1]

"We review ineffective-assistance-of-counsel claims de novo." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To prove he received ineffective assistance, Akin must show his attorney failed to perform an essential duty and prejudice resulted. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Because he alleges ineffective assistance in connection with his guilty plea, Akin must show, but for counsel's breach, there was a reasonable probability he would have insisted on going to trial. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). It will be the rare case where a defendant can "muster enough evidence to prove prejudice without a postconviction[-]relief hearing." *Straw*, 709 N.W.2d at 138.

Akin's complaint focuses on Iowa Code chapter 81, which requires people convicted of felonies and aggravated misdemeanors to submit a DNA sample for inclusion in the database managed by the Iowa Department of Public Safety (DPS).[2] Because the mandate to provide a DNA sample is aimed at "public safety, not punishment," our court decided a plea-taking court is not required by Iowa Rule of Criminal Procedure 2.8(2)(b)(2) to inform a defendant of that consequence of his guilty plea. *See Mills v. State*, 15-1849, 2017 WL 1733102, at *1 (Iowa Ct. App.

---

[1] Although he raises his claim as ineffective assistance of counsel, Akin also argues on appeal that the district court did not adequately advise him of the consequence of not filing a motion in arrest of judgment to challenge the guilty plea. We find the written guilty plea form satisfied Iowa Rule of Criminal Procedure 2.8(2)(d) by informing Akin he would "forever lose" his right to challenge the plea unless he filed a motion in arrest of judgment.

[2] The legislature also decided samples should be taken from an individual who receives a deferred judgment for a felony, sexually violent predators, those found not guilty by reason of insanity of an offense that requires DNA profiling, and juveniles adjudicated delinquent of an offense that requires DNA profiling of an adult offender. Iowa Code § 81.2.

May 3, 2017) (distinguishing *State v. Fisher*, 877 N.W.2d 676, 684–86 (Iowa 2016), which held license revocation was punitive in nature and thus a defendant must be advised of that consequence when pleading guilty).

But Akin does not contend the submission of a DNA sample was a direct consequence of his guilty plea. Instead, he insists his attorney was remiss in not informing him that his guilty plea would result in this "intrusion" on "his bodily integrity, liberty, and privacy rights." Akin cites article I, sections 1, 8, and 9 of the Iowa Constitution in support of his claim. He argues he unknowingly waived these constitutional rights by pleading guilty to an aggravated misdemeanor. On the prejudice prong, Akin acknowledges he must show that but for counsel's omission, it was reasonably probable he would not have entered the guilty plea and would have elected to stand trial on the original charges. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

The record is not sufficiently developed for Akin to show either a breach of duty or prejudice on direct appeal. Therefore, we affirm his conviction but preserve the issue for possible postconviction-relief proceedings. *See State v. Oberhart*, 789 N.W.2d 161, 163 (Iowa 2010) (preserving claim "without regard to the ultimate merit" and pursuant to obligation under Iowa Code section 814.7(3)); *see also State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

**AFFIRMED.**