# IN THE COURT OF APPEALS OF IOWA

No. 19-0808
Filed September 2, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WICHANG GACH CHAWECH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Wichang Chawech appeals the district court's entry of judgment and sentence on his guilty plea. **SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

Joseph C. Glazebrook of Glazebrook & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Des Moines police officers saw a vehicle with an improperly completed temporary license tag. They stopped the vehicle and immediately observed an open container of alcohol in the rear seat. The driver, Wichang Gach Chawech, stated he did not have an ID and was not valid to drive. The officers detained him. They removed the three other occupants, searched the vehicle, and discovered thirty small plastic bags of marijuana inside.

The State charged Chawech with several crimes arising from the stop and search. Chawech entered an *Alford* plea to the crime of failure to affix a tax stamp (42.5 grams marijuana).[1] *See* Iowa Code §§ 453B.3; .12 (2018). After the district court imposed sentence, Chawech appealed.

Chawech contends his attorney was ineffective in failing to (1) file a motion to suppress evidence gained in the vehicle search and (2) challenge the factual basis for the plea. "Ordinarily, ineffective assistance of counsel claims are best resolved by postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond to the claim."[2] *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if [the individual] is unwilling or unable to admit . . . participation in the acts constituting the crime.").

[2] Iowa Code section 814.7 (2020) was amended in 2019 and now requires ineffective-assistance-of-counsel claims in criminal cases to "be determined by filing an application for postconviction relief." *See* 2019 Iowa Acts ch. 140, § 30. The dispositional order in this case was filed before the effective date of the statute, which does not apply retroactively. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

The record is inadequate to address the suppression claim. *See State v. Oberhart*, 789 N.W.2d 161, 163 (Iowa 2010); *State v. Woods*, No. 19-1028, 2020 WL 1888769, at *1 (Iowa Ct. App. Apr. 15, 2020). Accordingly, we preserve that claim for a possible postconviction-relief action. *See* Iowa Code § 814.7(3). The record is adequate to address the factual-basis claim. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). We proceed to the merits of that claim.

"The district court may not accept a guilty plea without first determining that the plea has a factual basis." *Id.* "This requirement exists even where the plea is an *Alford* plea." *Id.*; *see also State v. Chapman*, 944 N.W.2d 864, 872 (Iowa 2020). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice in such a case is inherent." *Schminkey,* 597 N.W.2d at 788 (internal citation omitted); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring a person raising an ineffective-assistance-of-counsel claim to prove deficient performance and prejudice).

Iowa Code section 453B.3 provides in relevant part: "A dealer shall not possess, distribute, or offer to sell a taxable substance unless the tax imposed under this chapter has been paid as evidenced by a stamp, label, or other official indicia permanently affixed to the taxable substance." Iowa Code § 453B.3(1). A taxable substance is "a controlled substance, a counterfeit substance, a simulated controlled substance, or marijuana, or a mixture [of these items]." *Id.* § 453B.1(10). In the context of marijuana, a dealer includes "any person who ships, transports, or imports into this state, or acquires, purchases, possesses . . . forty-two and one-

half grams or more of processed marijuana or of a substance consisting of or containing marijuana." *Id.* § 453B.1(3)(a)(2).

Chawech argues the record lacks a factual basis to support the weight requirement. In his view, "The [m]inutes merely state that marijuana recovered was packaged in 30 individual baggies without regard to the quantity of actual marijuana."

At the plea hearing, the prosecutor affirmed the district court's summary of the elements, which included a reference to the 42.5 gram requirement:

> In order to prove your guilt beyond a reasonable doubt, the State would have to prove that on or about July 6th of 2018, here in Polk County, Iowa, that you possessed 42.5 or more grams of marijuana while not having affixed to that marijuana a State of Iowa drug tax stamp label or other official indicia.

Chawech "stipulate[d] and agree[d] that the minutes of evidence . . . attached to the trial information would establish" his guilt "beyond a reasonable doubt." However, as Chawech now points out, those minutes failed to specify the gram weight of the thirty marijuana baggies, either individually or in combination. *See Rhoades v. State*, 848 N.W.2d 22, 29–30 (Iowa 2014) (noting that the district court informed the defendant of an element of the crime and the defendant agreed the element was satisfied but concluding the State failed to establish the facts that were consistent with the elements of the crime).

The State acknowledges that "the minutes do not include a lab report or official notation of individual weight or combined weight of the bags containing marijuana." But in the State's view, the minutes "impl[y] such evidence is available." The State hangs its hat on the State's disclosure of a Division of Criminal

Investigation witness who would "testify . . . regarding the results of the analyses as documented in the DCI laboratory report prepared in connection with this case."

That reference says nothing about the weight of the marijuana. *See State v. Martens*, 569 N.W.2d 482, 487 (Iowa 1997) (concluding "[t]he State failed to prove that the certified weight, exclusive of marijuana stalk, met the gram weight specified under Iowa Code section 453B.1(3)(b), to prove the commission of the offense"); *cf. State v. Blow*, No. 11-0463, 2011 WL 6740165, at *2 (Iowa Ct. App. Dec. 21, 2011) (concluding a factual basis existed where "[t]he laboratory report attached to the minutes of testimony listed the weight of the marijuana at 49.2 grams total" and "[t]he minutes further provided that an investigator would testify that he conducted a preliminary weighing of the marijuana with packaging, and it weighed 51.27 grams"). Absent any mention of the highly-specific statutory weight requirement, we conclude the record lacks a factual basis for the "dealer" element of the crime. *See* Iowa Code § 453B.1(3)(a)(2).

Because the record lacks a factual basis, Chawech's attorney breached an essential duty in allowing Chawech to plead guilty and prejudice is presumed. *Schminkey*, 597 N.W.2d at 788. We vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis. *See id.* at 792.

**SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**