STATE of Iowa, Appellee,

v.

Jerome F. FRAKE, Appellant.

No. 88–1475.

Supreme Court of Iowa.

Jan. 24, 1990.

Paul R. Huscher, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

Jerome F. Frake was convicted and sentenced for operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2 (1987). The court of appeals, on a divided vote, reversed on the ground that the trial court's findings of fact and ruling on a motion to suppress were not supported by substantial evidence. On further review, we vacate the decision of the court of appeals and affirm the judgment of the district court.

After his arrest for OWI, Frake agreed to provide a urine specimen for chemical testing as requested by peace officer Woller pursuant to Iowa Code section 321J.6. The test indicated a .152 alcohol concentration. Frake was then charged by trial information with OWI, second offense.

Before trial, Frake moved to suppress evidence of the test and the test results. After conducting a preliminary evidentiary hearing, the court denied the motion to suppress. The court found:

> After reviewing the testimony of Officer Woller and the defendant, the Court concludes that the defendant did not ask to make a phone call to an attorney before he decided whether or not to submit to chemical testing, but only made a request to make a phone call, and he was told he could make a call later.

Following the denial of the suppression motion, Frake waived jury trial and the case proceeded for trial to the court. Frake stipulated State witnesses would testify substantially to what was included in the minutes of testimony filed with the information. Frake renewed his motion to suppress but offered no evidence in defense of the charge. The court again overruled the motion and found Frake guilty as charged. Following the entry of the court's judgment and sentence, Frake appealed. After the court of appeals reversed and remanded the case, we granted the State's application for further review.

■ I. In Iowa, a peace officer having custody of any person arrested shall permit that person after arrival at the place of detention to call, consult, and see family members or an attorney of the person's choice, or both. Iowa Code § 804.20 (1987). If such person is intoxicated the call may be made by the person having custody. *Id.* Thus, a person arrested for OWI has a limited statutory right to counsel before being required to submit to or refuse a chemical test. *State v. Vietor,* 261 N.W.2d 828, 832 (Iowa 1978). There is no requirement that an accused be told of the statutory right to counsel before an officer requests a body specimen for testing. *State v. Meissner,* 315 N.W.2d 738, 740 (Iowa 1982).

The issue raised on appeal is not whether there was substantial evidence to support the court's guilty verdict but whether there was substantial evidence to support the court's finding of fact that Frake had not requested to call an attorney before submitting to chemical testing. Our review is on error because no constitutional issues are involved. *State v. Cullison,* 227 N.W.2d 121, 126–27 (Iowa 1975).

II. In ruling on a motion to suppress, the trial court must determine the facts upon which the admissibility of evidence depends. *State v. Laughridge,* 437 N.W.2d 570, 572 (Iowa 1989). In our judicial system, the trial court has the responsibility of making preliminary factual findings that may significantly impact upon the ultimate verdict.

■ On appeal, we must uphold the trial court's ruling if there is substantial evidence in the record to support the court's findings of fact. Substantial evidence means evidence which could convince a rational finder of fact of the fact in issue. The trial court, as the finder of fact, must weigh the evidence and determine the credibility of the witnesses. We apply the same substantial evidence rule as to the findings of fact whether tried to a jury or to the court. *State v. McFadden,* 320 N.W.2d 608, 614 (Iowa 1982).

■ There may be substantial evidence to support either the existence or nonexistence of a fact. If a disinterested witness testifies a vehicle stopped at an intersection and another disinterested witness testifies the vehicle did not stop, there would be

substantial evidence to support a finding the vehicle did or did not stop. In such a case the factual determination would likely be based upon the credibility of the witness. Even if the testimony of a witness as to a fact is not controverted by other testimony, the finder of fact may reject the testimony if found not to be credible. The finder of fact is not bound to accept uncontroverted testimony. *Nadler v. City of Mason City*, 387 N.W.2d 587, 591 (Iowa 1986).

█ III. Viewing the evidence in this record, we find substantial evidence to support the court's findings of fact. When asked if he recalled whether Frake requested to call an attorney, officer Woller testified "I don't recall exactly if he wanted to call his attorney. I believe he stated he wanted to make a phone call." He testified he did not deny Frake the opportunity to make a phone call.

The State challenged the credibility of Frake's testimony that he asked to call his lawyer. Frake was not a disinterested witness. There was substantial evidence he was intoxicated at the time he was taken into custody. Also, when Frake was released a short time after being taken to the police station, he claimed the police had received $1200 in cash from him. The police records reflected the receipt and return of approximately $435.

When determining the credibility of the testimony of witnesses, the trial court may consider whether the testimony is reasonable and consistent with other evidence, whether a witness has made inconsistent statements, the witness's appearance, conduct, memory and knowledge of the facts, and the witness's interest in the trial. *See In re Estate of Nicolaus*, 366 N.W.2d 562, 569 (Iowa 1985); *State v. Harrington*, 284 N.W.2d 244, 249 (Iowa 1979); *Kaiser v. Stathas*, 263 N.W.2d 522, 526 (Iowa 1978); *Kindred v. Crosby*, 251 Iowa 198, 202–03, 100 N.W.2d 20, 23 (1959). *See also* 1 *Iowa Criminal Jury Instructions* 100.7 (1988). Under this record, the court could reject Frake's testimony and conclude he did not request to call an attorney before submitting to chemical testing.

IV. Two other errors were raised by Frake. The trial court in its suppression ruling stated it did not consider the testimony of Dale Gilbert since Mr. Gilbert was not present at the time the event occurred. Frake urged this was error because the court did not allow hearsay testimony as is permitted under Iowa Rule of Evidence 104(a). The court of appeals correctly found the court's statement was merely an expression of the lack of credibility it gave to a person who did not witness the event. The trial court did allow hearsay testimony to be received at the suppression hearing and it could then reject that testimony upon the fact issue involved.

█ At the time of sentencing the trial court told Frake if it was "one hundred percent sure" he had in fact requested counsel, it would have thrown the case out. Frake contends this shows the trial court required him to establish his claim by proof beyond a reasonable doubt and assigns this as error. The court of appeals correctly recognized Frake had not preserved error on this issue. No motion was filed with the district court challenging the trial court's action. To preserve error for appeal, a specific objection must be timely made. *State v. LeCompte*, 327 N.W.2d 221, 223 (Iowa 1982).

DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.