# IN THE COURT OF APPEALS OF IOWA

No. 13-1999
Filed January 14, 2015

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**ANDREW BRASEAN BUCHANAN,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Glenn E. Pille (co-defendant's motion to withdraw guilty plea), Robert J. Blink (trial and sentencing), Judges.


　　　Andrew Buchanan appeals from the judgment and sentence entered upon his convictions of second-degree theft, second-degree robbery, and escape. **CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**


　　　Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender.

　　　Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and James P. Ward, Assistant County Attorney, for appellee.


　　　Considered by Danilson, C.J., Doyle, J., and Miller, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

Andrew Buchanan appeals from the judgment and sentence entered upon his convictions of second-degree theft, second-degree robbery, and escape. He contends the court erred in denying his motion for judgment of acquittal on the robbery count and in imposing an illegal sentence. In a pro se brief, he also contends his trial counsel was ineffective.

We affirm Buchanan's convictions. Because a part of the sentence imposed on Buchanan's conviction for second-degree theft constitutes an illegal sentence, we vacate that part of the sentence and remand for resentencing in part.

## I. BACKGROUND FACTS AND PROCEEDINGS.

On January 28, 2013, Lyndsey Buckley called the police to report she had been robbed. She told the responding officer she had two men in her vehicle when she drove to Wal-Mart to cash a check. Afterwards, one of the men held a gun to her head and said, "This is a stickup, Bitch." The other man grabbed the $1277 in cash she had received. Both men ran off, one of them taking her keys and threatening to kill her if she called the police. Buckley recounted the same story to another officer who arrived at the scene. The officers described Buckley's demeanor at the time as "just shy of hysterical" or "hysterical" and "shaking and crying."

When police officers again interviewed Buckley on January 31, 2013, she gave a version of events that was consistent with what she had told officers on the day in question. She also identified the two men who had taken her money

from a photo lineup.  One of the men she identified was Buchanan.  The other was Daevone Brown.

Buckley testified at Buchanan's trial in November 2013 and gave a different account of what had occurred.  She told the jury she had been romantically involved with Brown, whom she had driven to an apartment complex.  She testified Brown took her keys before getting out of the vehicle because she was "known to drive off."  Buckley further testified she was concerned Brown was talking to another woman in the apartment complex and became upset, which is why she called the police.  She stated that when Brown returned to the vehicle and took her money, she did not consider it stealing because she "already owed him money."  Buckley claimed Buchanan, who had been sitting in the backseat, grazed her with his hand or a gun, though she did not know which it was, when he was getting out of the vehicle.

Buchanan was convicted of second-degree robbery.  He was sentenced to an indeterminate term of no more than ten years in prison and was assessed a $1000 fine.  At the same time, Buchanan pled guilty to an escape charge and was sentenced to thirty days in jail.  His deferred judgment on a prior second-degree theft was revoked and a five-year sentence was imposed.  The sentences for theft and escape were ordered to be served consecutively and to run concurrently with the ten-year sentence for Buchanan's robbery conviction.

Buchanan filed a timely notice of appeal.

## II. SUFFICIENCY OF THE EVIDENCE.

Buchanan first contends the trial court abused its discretion in denying his motion for judgment of acquittal. He alleges there is insufficient evidence to prove he committed robbery in the second degree. We review his claims for the correction of errors at law. *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005).

Evidence is sufficient to withstand a motion for judgment of acquittal when substantial evidence in the record supports a finding of the challenged element. *Id.* at 28. In determining whether substantial evidence exists, we must view the evidence in the light most favorable to the State and draw all reasonable inferences from it in the State's favor. *Id.* Substantial evidence is that which could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Id.*

Buchanan argues the State failed to prove he committed robbery in the second degree. In order to find him guilty of second-degree robbery, the jury was instructed the State had to prove the following:

> 1. On or about the 28th day of January, 2013, the defendant Andrew Brasean Buchanan, or someone he aided and abetted, had the specific intent to commit a theft.
> 2. To carry out his intention or to assist him is escaping from the scene, the defendant or someone he aided and abetted:
> a. Committed an assault upon Lyndsey Buckley and/or
> b. Threatened Lyndsey Buckley with, and/or purposely put Lyndsey Buckley in fear of immediate serious injury.

Buchanan notes Buckley's trial testimony "falls far short" of establishing these elements.

Viewing the evidence in the light most favorable to the State, we find substantial evidence shows Buchanan committed second-degree robbery. Although Buckley told the jury a different version of events, the evidence at trial shows she told two officers responding to her call that Buchanan held a gun to her head and said, "This is a stickup, Bitch," while Brown took her money. The men took her keys and threatened her. Buckley recounted this same version of events days later when she identified Buchanan from a photo lineup.

When presented with two different versions of events, substantial evidence supports either version of events. *State v. Frake*, 450 N.W.2d 817, 818-19 (Iowa 1990). "In such a case the factual determination would likely be based upon the credibility of the witness." *Id.* at 819; *see also See State v. Laffey*, 600 N.W.2d 57, 59 (Iowa 1999) (noting that the jury is tasked with assessing witness credibility and weighing the evidence). A rational factfinder could find Buckley's original version of events—the one Buckley told in the immediate aftermath of the incident while still visibly upset from what had occurred and later recounted when identifying the men who robbed her—was more credible. Because the elements of second-degree robbery are clearly set forth in that version of events, we find substantial evidence supports the verdict and the district court properly denied Buchanan's motion for judgment of acquittal.

### III. SENTENCE.

Buchanan next contends the district court erred in sentencing him because it failed to reduce the fine imposed on his second-degree theft

conviction by the amount of the civil penalty imposed at the time deferred judgment had been entered. *See* Iowa Code § 908.11(5) (2013) ("Notwithstanding any other provision of law to the contrary, if the court revokes the probation of a defendant who received a deferred judgment and imposes a fine, the court shall reduce the amount of the fine by an amount equal to the amount of the civil penalty previously assessed against the defendant pursuant to section 907.14. However, the court shall assess any required surcharge, court cost, or fee upon the total amount of the fine prior to reduction pursuant to this subsection.").

When the district court had earlier deferred judgment on Buchanan's plea of guilty to second-degree theft, it had imposed a civil penalty of $750. In revoking that deferred judgment and imposing sentence the court stated: "No fine will be imposed because you're being incarcerated." However, the court's written order revoking the deferred judgment and imposing sentence imposes a fine of $750 and a thirty-five percent surcharge, and then suspends the fine.

Buchanan requests that the fine imposed on his conviction for second-degree theft be vacated and the matter remanded for resentencing. The State cites *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995), for its statement that "[a] rule of nearly universal application is that where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls." (Internal quotations and citations omitted). The State suggests that the written sentencing order involves a

"clerical error" and requests that we remand the case to the district court of a nunc pro tunc order removing the imposition of the fine.

Buchanan was convicted of and sentenced for second-degree theft, in violation of Iowa Code sections 714.1 714.2(2) (2011). This conviction is for a class "D" felony. *See* Iowa Code § 714.2(2). Sections 714.1 and 714.2(2) do not prescribe a sentence. Accordingly, the appropriate sentence is prescribed section 902.9(5). *See id.* § 902.9 (stating that when a sentence is not otherwise prescribed by statute, the maximum sentence shall be determined by section 902.9's subsections). Section 902.9(5), which prescribes the sentence for a class "D" felony, provides in relevant part that a person convicted of a class "D" felony "shall be sentenced to a fine of at least seven hundred fifty dollars."

Because a fine of at least $750 is mandated by section 902.9(5), the district court's initial statement at sentencing that no fine would be imposed, if carried forward into its written sentencing order, would result in a sentence not permitted by statute and thus an illegal sentence. *See Hess*, 533 N.W.2d at 527 (stating "a sentence which statutory law does not permit . . . is illegal, and . . . void and we will vacate it"). We conclude that by imposing a $750 fine in its written sentencing order, the district court remedied what would have been an illegal sentence if no fine were imposed. However, in revoking Buchanan's deferred judgment and imposing sentence, the court imposed a partially illegal sentence by not reducing the fine by the $750 civil penalty previously imposed, as required by Iowa Code section 908.11(5). We conclude we cannot merely remand to the district court for a nunc pro tunc order removing the fine, as

requested by the State, because Iowa Code section 902.9(5) requires the imposition of a fine of at least $750 upon conviction of a class "D" felony. We further conclude that an appropriate disposition is to vacate the illegal portion of Buchanan's sentence—the unreduced fine—and remand to the district court for resentencing in part.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL.

In his pro se brief, Buchanan contends his trial counsel was ineffective in failing to move to sever trial and in failing to object to the State's breach of a plea agreement. We review ineffective-assistance claims de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

To establish counsel was ineffective, a defendant must show counsel failed to perform an essential duty and he was prejudiced by this failure. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). While we ordinarily preserve such claims for postconviction-relief proceedings, we will address an ineffective-assistance claim on direct appeal if the record is sufficient to permit a ruling. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). We find the record here is sufficient.

Buchanan first argues his trial counsel was ineffective in failing to move to sever his trial from Brown's trial. Buchanan claims that statements made by Brown that were not otherwise admissible against him were admitted at trial. However, neither Buchanan nor Brown testified at trial. Buchanan does not identify any statement or testimony at trial that implicates him. Our review of the records reveals no such statement or testimony. Because Buchanan has failed

to identify how he was prejudiced, his claim fails. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (finding a defendant must state the specific way in which counsel's performance was deficient and identify how competent representation probably would have changed the outcome).

Buchanan's second claim of ineffective assistance concerns a plea agreement he entered jointly with co-defendant Brown. Brown later moved to withdraw his guilty plea. The court allowed Brown to withdraw his plea and, in recognition of the fact the guilty pleas were entered jointly, allowed Buchanan's to be withdrawn as well. Buchanan now complains he never sought to withdraw his guilty plea and the State must honor it.

At the hearing on Brown's motion, Buchanan's attorney stated Buchanan "understands that if Mr. Brown's plea is taken back and he's allowed to withdraw his guilty plea, that Mr. Buchanan's guilty plea goes away as well and then they both are set for trial on the original counts." In his testimony, Brown acknowledged he understood that if his plea was withdrawn, it would "affect" Buchanan's plea as well. In granting Brown's motion, the court acknowledged "that both of these pleas were negotiated to be joint pleas, and as such the pleas of defendants are revoked and withdrawn." Although Buchanan claims the plea agreement did not require his plea be withdrawn, the record here directly contradicts his claim.

Furthermore, the record shows Buchanan was not only aware that the plea agreement required both defendants to enter guilty pleas, but his attorney

sought to have his plea withdrawn in the event Brown's was withdrawn. At the hearing on Brown's motion, Buchanan's counsel stated:

> [Buchanan] already knows that his plea can be affected. And if the Court grants Mr. Brown's motion, Mr. Buchanan wants to go to trial sitting next to Mr. Brown, so he would want his plea to be withdrawn as well. That's part of the plea agreement between the parties.
>
> He has no desire to participate in Mr. Brown's trial in any other fashion other than being a co-defendant if the Court grants Mr. Brown's motion. So I just want to be clear about that, because Mr. Buchanan is aware Mr. Ward could argue to keep Mr. Buchanan's plea in place and then try to subpoena him to come in and testify against Mr. Brown. And Mr. Buchanan has no desire for that to occur.

On this record, we find counsel did not breach an essential duty in failing to object.

**V. CONCLUSION.**

We affirm Buchanan's convictions, vacate the suspended fine imposed on his second-degree conviction, and remand for resentencing in part, consistent with Iowa Code sections 902.9(5) and 908.11(5).

**CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**