**IN THE COURT OF APPEALS OF IOWA**

No. 22-0904
Filed May 24, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AUSTIN JAMES HILL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Adams County, Patrick W. Greenwood, Judge.

The defendant appeals his conviction for operating while under the influence. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Chicchelly, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BLANE, Senior Judge.**

Austin James Hill appeals his conviction for operating while under the influence (OWI), third offense, in violation of Iowa Code section 321J.2(2)(c) (2020). He contends there is insufficient evidence that he was under the influence of alcohol or a drug. We find the jury had sufficient evidence to reach the guilty verdict, so we affirm.

Around 3:00 a.m. on December 9, 2020, the Adams County Sheriff's Department received a report from a trucker of a pickup truck weaving in its lane and having trouble staying on the road. Deputy Paul Hogan located the truck and followed it. The truck crossed the center traffic line and the fog line several times. Hogan stopped the truck and spoke with the driver, Hill.

Hogan asked for insurance, and Hill handed over an ID card. Hill was not wearing his boots and had on only one sock. Hogan noticed Hill moved and spoke slowly. When Hill blew on a preliminary breath test, it read 0.00 percent. He showed no positive signs on the horizontal-gaze-nystagmus test. But when conducting the lack-of-convergence test, he was unable to cross his eyes. Hogan testified, "A lack of convergence or lack of being able to cross your eyes indicates that you're under the influence of marijuana, a central nervous system depressant, or possibly an inhalant." Hill refused to perform other field sobriety tests including the one-leg-stand test, the walk-and-turn test, and the modified Romberg test. Hogan placed him under arrest and brought him to the sheriff's station. There, Hill also refused to give a urine sample.

Hill testified that he had been awake and working since 6:10 a.m. the previous day. He operates a heating and cooling business and had finished an ice

machine repair at a bar around 2:30 a.m. before heading toward Omaha to pick up some equipment from a supply shop. He denied drinking alcohol or consuming any controlled substances. Hill agreed he was weaving in his lane, but said, "I had road fatigue. I knew I was—I needed to find somewhere to pull over." Later he testified, "I admitted to [Hogan] that, hey, look, I know I'm swerving. I'm tired and there's really nowhere to pull over." Unconvinced, the jury found Hill guilty of operating while under the influence (OWI). Hill stipulated to his prior convictions. He appeals the jury verdict.

We review a sufficiency-of-the-evidence challenge for the correction of legal error. *State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). In conducting that review, we are highly deferential to the jury's verdict. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). "We will affirm the jury's verdict when the verdict is supported by substantial evidence." *Lacey* at 800. "Evidence is substantial when the quantum and quality of evidence is sufficient to 'convince a rational fact finder that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *State v. Webb*, 648 N.W.2d 72, 75–76 (Iowa 2002)). We consider "the evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Id.*

Hill contends there was insufficient evidence of his being under the influence of alcohol or a drug. A person commits OWI if the person "operates a motor vehicle . . . [w]hile under the influence of an alcoholic beverage or other drug or a combination of such substances." Iowa Code § 321J.2(1)(a). The jury was given the following instruction:

A person is "under the influence" when, as a direct result of consuming alcohol or drugs or both, one or more of the following is true:

1. The Defendant's reason or mental ability is adversely affected;

2. The Defendant's judgment is impaired;

3. The Defendant's emotions are visibly excited;

4. The Defendant has, to any extent, lost control of bodily actions or motions.

The parties agree there is no evidence Hill consumed alcohol. But the State points to evidence Hill was under the influence of a drug. Hogan was asked what factors led him "to believe that Mr. Hill was under the influence of something other than alcohol." Hogan testified, "The main one was inability to stay on the road, his slow speech, his slow gait. And then the big one was the lack-of-convergence test where his eyes were unable to cross." He told the jury the lack-of-convergence test indicated that Hill was "under the influence of marijuana, a central nervous system depressant, or possibly an inhalant."

Still, Hill was able to perform the horizontal-gaze-nystagmus test with no clues of being under the influence. Hogan detected no odor of alcohol or raw or burnt marijuana. Hogan did not search the truck, but Hill had no drugs on him when he was booked into the jail. Hogan agreed Hill was "relatively cooperative" with the arrest procedure and did not get angry or belligerent. Hogan went on to testify that marijuana can be ingested and there would be no detectable smell. In reply, Hill argues he normally has slow affect and speech and that his speech pattern was the same at trial. And he argues that he had been awake more than twenty-one hours, which can explain his driving. He also complains that Hogan is not a drug recognition expert. Hogan testified he has been training in drug recognition but has not completed another level of certification to become a drug

recognition expert. He conceded that some people have naturally-occurring eye problems that would cause them to fail the convergence test. But he also testified Hill did not identify anything wrong with his eyes.[1]

Hill[2] likens his situation to *State v. Walter*, No. 21-0446, 2022 WL 610571 (Iowa Ct. App. Mar. 2, 2022). Walter was convicted of OWI after crossing traffic lines and explaining he was "tired and had been driving awhile." 2022 WL 610571, at *1. He refused all chemical tests but had "thick and slurred" speech and "bloodshot and watery" eyes. *Id.* He passed the horizontal- and vertical-gaze-nystagmus tests but showed clues of being under the influence in the one-legged-stand, walk-and-turn, lack-of-convergence, and modified Romberg tests. *Id.* Our court found substantial evidence supported Walter's conviction. *Id.* at *3. Hill argues that in his record, "[s]igns that would be indicators or evidence of [him being] 'under the influence' by drugs were explained away."

We agree with Hill that the quantum of evidence here is even less than *Walter*. But the fact remains that the jury is the determiner of any questions of fact. *See State v. Cahill*, 972 N.W.2d 19, 34 (Iowa 2022). And Hill being tired is only

---

[1] When asked, Hill made a joke about his bad eyesight and "the women I take home," but did not identify any actual impairment of his vision.

[2] Hill also cites *State v. Myers*, 924 N.W.2d 823 (Iowa 2019). We agree with the State that *Myers* is inapplicable as it asks "whether circumstantial evidence of impairment—bloodshot eyes, poor performance on field sobriety tests, drowsiness—provides substantial evidence to support conviction under Iowa Code section 321J.2(1)(c) in the absence of a confirmatory test." 924 N.W.2d at 831. The answer is no because the alternative for OWI at subsection (1)(c) requires a quantified amount of a drug in a blood or urine sample, neither of which appear in this record. *Id.* at 830. For the same reason, he cannot rely on *State v. Davis*, No. 14-1976, 2016 WL 1677591, at *3–4 (Iowa Ct. App. Apr. 27, 2016) (affirming conviction based on finding "any amount of marijuana as measured by the [d]efendant's urine" when the defendant tested positive for marijuana and challenged the statute on due process grounds).

one possible explanation for his actions. Our job on appeal is to determine whether substantial evidence supports the verdict, not an alternative theory. *See State v. Frake*, 450 N.W.2d 817, 818–19 (Iowa 1990).

Hogan cited Hill's driving, his slow speech and gait, and his clue on the lack-of-convergence test as the evidence of his being under the influence and posited that the lack-of-convergence test suggested marijuana or an inhalant. He also testified that ingested marijuana would have no detectable odor. Hill complains Hogan was not a drug recognition expert and gave only a conclusory statement about the significance of the lack-of-convergence test. But "a lay witness may express an opinion about another person's sobriety, provided the witness has had a chance to observe the other person." *State v. Murphy*, 451 N.W.2d 154, 155 (Iowa 1990). And Hill identifies no requirement that Hogan be a certified drug recognition expert to identify when someone is under the influence as he did, based on his training and experience. The jury was entitled to credit Hogan's perceptions of Hill's condition and actions and give little weight to Hill's explanation for his driving or his reason for heading to Omaha at 2:30 a.m. It was also entitled to credit and give weight to Hogan's testimony that Hill's lack-of-convergence test indicated his use of marijuana or another controlled substance. The jury also could consider that Hill had trouble following instructions when asked for his insurance card and was driving without shoes and with a sock on only one foot. Viewing the evidence in the light most favorable to the State, and drawing all reasonable inferences, we find substantial evidence supports the jury's conclusion Hill was driving under the influence of a drug.

**AFFIRMED.**