# IN THE COURT OF APPEALS OF IOWA

No. 23-1824
Filed April 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DUSTIN JOSEPH BURNS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, David M. Cox, Judge.


        Dustin Burns appeals his convictions and sentences for numerous counts related to sexual abuse of minors.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

        Considered without oral argument by Tabor, C.J., Sandy, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Following a jury trial, Dustin Burns was convicted of three counts of class "B" felony sexual abuse, two counts of class "C" felony sexual abuse, one count of class "D" felony lascivious acts, and one count of aggravated misdemeanor assault with intent to commit sex abuse.[1] All of Burns's criminal acts involved his two minor daughters. On appeal Burns contends the district court abused its discretion in failing to grant his motion for new trial because his convictions are contrary to the weight of the evidence. He also contends the district court abused its discretion because it improperly relied on Burns's lack of remorse when imposing sentence. Finding no abuse by the district court on either point, we affirm Burns's convictions and sentence.

### Motion for New Trial

Iowa Rule of Criminal Procedure 2.24(2)(b)(7) allows the district court to grant a new trial if "the verdict is contrary to law or contrary to the weight of the evidence." "A verdict is contrary to the weight of the evidence only when a greater amount of credible evidence supports one side of an issue or cause than the other." *State v. Wickes*, 910 N.W.2d, 554, 570 (Iowa 2018) (cleaned up). District courts should only grant a motion for new trial "in the extraordinary case in which the evidence preponderates heavily against the verdict rendered." *Id.* (citation omitted). This requires the district court to consider "whether a greater amount of credible evidence suggests the verdict rendered was a miscarriage of justice." *Id.* (cleaned up). The trial court may weigh the credibility of witnesses and in doing

---

[1] He was also convicted of one count of simple misdemeanor assault. That conviction is not a part of this appeal.

so "may consider whether the testimony is reasonable and consistent with other evidence, whether a witness has made inconsistent statements, the witness's appearance, conduct, memory and knowledge of the facts, and the witness's interest in the trial." *State v. Frake*, 450 N.W.2d 817, 819 (Iowa 1990).

"We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Stendrup*, 983 N.W.2d 231, 246 (Iowa 2022) (citation omitted). "Our review is not to determine whether the verdict is contrary to the weight of the evidence but only to determine whether the district court abused its considerable discretion in denying the motion." *Id.* This is a deferential standard, and we will not reverse the district court's ruling absent a "clear and manifest abuse of discretion." *State v. Neiderbach*, 837 N.W.2d 180, 216 (Iowa 2013) (citation omitted). An abuse of discretion occurs when the grounds supporting the district court's decision are clearly untenable or unreasonable. *Wickes*, 910 N.W.2d at 564.

Burns argues his daughters' doubtful veracity, the lack of corroborating evidence, and inconsistencies in testimony warrant a new trial. Burns points out that his daughters did not accuse him of sexual abuse until after one of his daughters had a conversation with her friend on the school bus. They were talking about sexual abuse that occurred in the friend's family. Burns's daughter then confided that Burns was sexually abusing her and her sister. The friend eventually told her mother and the school counselor. Authorities were notified. Burns speculates the "circumstances of how the abuse was reported raise concerns that the girls might have been making these allegations in an attempt to impress or forge a bond with [the daughter's friend] and cast doubt on their veracity." Burns

fails to consider that juries are free to weigh the credibility of witnesses and believe some, all, or none of a witness's testimony. *See State v. Dudley*, 856 N.W.2d 668, 677 (Iowa 2014) ("In our system of justice, it is the jury's function to determine the credibility of a witness.").

Burns next argues "[t]he lack of corroborating evidence, physical or testimony, supporting the allegations preponderates against the verdict." He points out that "numerous witnesses, including family members and friends testified that they had observed interactions between Burns and his daughters and never saw any indication of anything inappropriate or troubling." Corroboration of the complainant witness's testimony is not required. *See* Iowa R. Crim. P. 2.21(3); *State v. Kraai*, 969 N.W.2d 487, 491 (Iowa 2022); *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) (stating that "the alleged victim's testimony is by itself sufficient to constitute substantial evidence of defendant's guilt," and observing that "[t]his court has held that a rape victim's accusation need not be corroborated by physical evidence")").

Burns contends the daughters' testimony concerning timing of the abuse "conflicted with each other and with the realities of school scheduling." He argues "[t]hese inconsistencies preponderate against the verdict, and the district court failed to give them sufficient weight when reviewing the motion for new trial." The fact is, "[i]nconsistencies and lack of detail are common in sexual abuse cases and do not compel a jury to conclude that the victim is not credible or that there is insufficient evidence to support a guilty verdict." *State v. Donahue*, 957 N.W.2d 1, 11 (Iowa 2021) (citations omitted).

Burns's arguments did not resonate with the jury—nor the district court in its order denying a new trial:

> At trial, the State offered the testimony of both [Burns's daughters]. Both witnesses provided testimony about acts and sex acts the Defendant engaged in with, on, or near each of them which meet the requirements for the charges in this case. Both witnesses provided testimony which corroborated testimony of the other. Other witnesses also provided corroborating testimony related to the Defendant and his girlfriend's work schedules, layouts of the homes, the conversation with [the friend of Burns's daughter] on the school bus, etc.
>
> The State presented testimony of Katie Burrell who provided context to the frequency of late reports from children in sexual abuse cases which reduces the chances for physical evidence. Ms. Burrell also testified that both [Burns's daughters] provided consistent statements during their forensic interviews. The Court notes that physical evidence is not required for a conviction in a sexual abuse case. The finder of fact may rely on testimony without physical evidence. [citations omitted].
>
> Finally, the State also presented testimony from law enforcement officers who interviewed the Defendant. The statements made by the Defendant were considered by the witnesses to either be admissions or so close to admissions to still be incriminating. Both [Burns's daughters] testified that their father was awake during these incidents and the Defendant's statements that he may have been asleep and/or unconsciously doing these things was refuted by testimony from the State.
>
> The Court has considered all of the evidence presented at trial, weighed all of the evidence, and considered the credibility of all of the witnesses. The Court concludes that a greater amount of credible evidence supports the prosecution than the defense. The verdict was not contrary to the weight of the evidence.

We agree with the district court's analysis. This is not an extraordinary case in which the evidence preponderates heavily against the verdict rendered. We therefore affirm the district court's denial of the motion for new trial.

**Sentencing**

"We afford sentencing judges a significant amount of latitude because of the 'discretionary nature of judging and the source of the respect afforded by the

appellate process.'" *State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021) (citation omitted). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We reverse a sentence only upon "an abuse of discretion or the consideration of inappropriate matters." *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted). An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citation omitted). The sentencing court abuses its discretion when it relies on an impermissible factor in imposing sentence, and such a defect entitles the defendant to a new sentencing hearing. *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). "[M]ere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

> In determining the sentence, the district court:
>
> considered the entirety of the PSI report, victim impact statement except for the portion that [the Court] disavowed, the nature and circumstances of the offense, as well as the history and characteristics of the defendant, including the defendant's age, prior criminal record, as well as recommendation of both counsel.
> In response to the argument about maximum opportunity for rehabilitation for defendant, Court does not believe that the treatment and special sentences is enough to protect not only the community but also rehabilitation of defendant. Court's concern there is that there has been no admission of guilt or any statements that he feels sorry for what he has done. Court also has concerns based on the testimony from trial where he made comments to his daughters that he knows it's wrong and then continued to do it. And so that weighed very heavily on the Court in its consideration.

I find the sentence imposed will offer the defendant maximum opportunity for rehabilitation as well as protection of the community.

Burns asserts on appeal that "[t]he court's perception that the record was void of 'any statement that [Burns] feels sorry for what he has done' is inaccurate and amounts to the consideration of an improper factor." District courts "may consider a defendant's remorse or lack of remorse" in determining an appropriate sentence. *State v. Staton*, 13 N.W.3d 795, 799 (Iowa 2024). "[A] defendant's lack of remorse is highly pertinent to evaluating [a defendant's] need for rehabilitation and [the defendant's] likelihood of reoffending." *State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005). "A defendant's lack of remorse can be discerned 'by any admissible statement made by the defendant pre-trial, at trial, or post-trial,' or by 'other competent evidence properly admitted at the sentencing hearing.'" *Id.* at 87–88 (citation omitted). Burns declined to make any statement at the sentencing hearing and no evidence of his remorse or lack of remorse was presented there.

During a video-recorded police interview, Burns was asked what he would say to his daughters had they been seated in the interview room. Burns said he would tell them he was sorry. The video was played for the jury. Burns asserts that at trial "[h]e said he was never going to get over hurting his children and that he felt 'sick and disgusted'" and while maintaining innocence, "he reaffirmed that he would apologize to the girls." Burns suggests these statements evidence remorse, and "the district court's reliance on the lack of those statements was improper." A closer look at the trial testimony is warranted. Burns maintained his innocence throughout the trial. When asked about his police interview statement as to what he would say to girls had they been sitting there, Burns responded:

I would tell them that I'm sorry for all this, because at that point three people are telling me that I sexually assaulted them and pretty much messed up their lives or mental state, so I'm sorry that they have to go through this, not that I did anything directly.

He also said, "Yes, I would apologize for everything that was going on. This is not easy for anybody to have something along these lines being accused of or dealing with this kind of emotional distress." And, "Yes, I would apologize to my children if I did something to hurt them. Any parent would." Furthermore,

There has been nothing to show that I did any of these accusations except for them saying I did something and me being accused by three law officials telling me, not questioning, telling me that I did these accusations. So yes, if I did these in the context that was said, yes, I would want to believe them and I would apologize.

Asked at trial what he would want to say to his girls, Burns responded, "I'd tell them I'm sorry for dragging them through all this stuff, or this all happening, like—I'm sorry for everybody." Burns also said, "If I had done it to these girls, it would make me feel sick and disgusted as any father would feel."

After examining the record, we conclude it was not unreasonable for the trial court to characterize the record as lacking any statements that Burns felt sorry for what he had done. Burns was equivocal, "if I did it," every time he said he would say he was sorry. Finding no impropriety, we affirm Burns's sentence.

**Disposition**

We affirm Burns's convictions and sentence.

**AFFIRMED.**