**IN THE COURT OF APPEALS OF IOWA**

No. 24-0812
Filed July 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRANNON TAYLOR JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Jason D. Besler, Judge.


        A defendant appeals his conviction for second-degree murder. **AFFIRMED.**


        Thomas M. McIntee, Williamsburg, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered without oral argument by Greer, P.J., Badding, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Brannon Johnson called 911 to report that he shot Jorge Madonado-Vasquez. Jorge died, and the State charged Johnson with first-degree murder. At trial, Johnson claimed he acted in self-defense. But the jury rejected that defense and convicted Johnson of the lesser-included offense of murder in the second degree. Johnson filed post-trial motions, including a motion for new trial based on the weight of the evidence. The district court denied Johnson's motions and sentenced him to a term of imprisonment.

Johnson appeals. He claims that the district court abused its discretion (1) when it denied his motion for new trial based on the weight of the evidence, (2) by not permitting him to introduce certain impeachment evidence, and (3) by denying his motion for mistrial after the prosecutor accidentally published an autopsy photo for a moment.

## I. Motion for New Trial

Iowa Rule of Criminal Procedure 2.24(2)(b)(7) allows the district court to grant a new trial if "the verdict is contrary to law or contrary to the weight of the evidence." "A verdict is contrary to the weight of the evidence only when a greater amount of credible evidence supports one side of an issue or cause than the other." *State v. Wickes*, 910 N.W.2d 554, 570 (Iowa 2018) (cleaned up). District courts "should only grant a motion for new trial in the extraordinary case in which the evidence preponderates heavily against the verdict rendered." *Id.* (cleaned up). This requires the district court to consider "whether a greater amount of credible evidence suggests the verdict rendered was a miscarriage of justice." *Id.* (cleaned up). The district court weighs the credibility of witnesses and in doing so "may

consider whether the testimony is reasonable and consistent with other evidence, whether a witness has made inconsistent statements, the witness's appearance, conduct, memory and knowledge of the facts, and the witness's interest in the trial." *State v. Frake*, 450 N.W.2d 817, 819 (Iowa 1990).

"We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Stendrup*, 983 N.W.2d 231, 246 (Iowa 2022) (citation omitted). "Our review is not to determine whether the verdict is contrary to the weight of the evidence but only to determine whether the district court abused its considerable discretion in denying the motion." *Id.* An abuse of discretion occurs when the grounds supporting the district court's decision are clearly untenable or unreasonable. *Wickes*, 910 N.W.2d at 564. "However, we review rulings on a motion for a new trial for errors at law when there is a claim that the district court failed to apply the proper standard in ruling on that motion." *Id.*

Johnson argues that the district court applied the incorrect standard when assessing his motion for new trial and erroneously applied the sufficiency-of-the-evidence standard rather than the correct weight-of-the-evidence standard. In support of this argument he contends that the district court erroneously viewed the evidence in the light most favorable to the State rather than weighing the evidence. *See State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998). But when addressing the motion for new trial at the hearing on posttrial motions and sentencing, the district court specifically stated, "What's clear is that for the motion for new trial, the court is not to take the evidence in the light most favorable to the State. The court is required to make credibility assessments and weigh the evidence independent of

the jury as well." And the district court correctly identified the correct standard and what all it entails in detail in its written ruling. The court's ruling then explained,

> The Court considered all the exculpatory and inculpatory evidence. It considered all the exhibits and the testimony of the various witnesses, including the testimony of the defendant. The Court finds this is not an "extraordinary case" that justifies a new trial be ordered, and that the credible evidence in this matter did not preponderate heavily against the verdict. The evidence supporting the guilty verdict was not "so scanty" nor was the evidence opposed to a guilty verdict "so compelling" that the Court could find the verdict was a "miscarriage of justice." Rather, there is a great deal of credible evidence supporting the jury's verdict in this matter. If the Court were to grant a New Trial in this instance, as a result, it would be the undersigned substituting its judgment for that of the jury. Consequently, the Court finds that the verdict was neither contrary to the weight of the evidence nor contrary to the law. The Court finds the Motion for New Trial must be denied as a result.

(Footnotes omitted.) And in one of the omitted footnotes from the above passage, the district court identified what evidence the district court considered. From the district court's statements at the hearing and subsequent written ruling, it is apparent that the district court knew and applied the correct standard when it considered Johnson's motion for new trial.

Johnson claims that even if the district court applied the correct standard, it abused its discretion in denying his motion for new trial. In making this argument, Johnson runs through a laundry list of "key facts" he believes necessitate a new trial. The problem is that Johnson is essentially asking this court to consider these "key facts" to make our own weight-of-the-evidence determination, which is not our role on appeal. *See Stendrup*, 983 N.W.2d at 246. We only consider whether the district court abused its discretion when reaching its determination. *Id.* Aside from generally disagreeing with the district court's conclusion that the weight of the evidence did not heavily preponderate against the verdict, Johnson points to

nothing else to suggest that the district court abused its discretion. Our review of the hearing and written ruling addressing the motion for new trial gives no indication that the district court abused its discretion when it denied the motion. So we conclude that the district court did not abuse its discretion when it denied the motion for new trial.[1]

## II.    Impeachment Evidence

Johnson made an offer of proof for evidence he wanted to introduce through an investigating officer's testimony about what an eyewitness told the officer on the night of the shooting to impeach the credibility of the eyewitness who previously testified.[2]  The district court determined that Iowa Rule of Evidence 5.613(b) prevented the officer from testifying to what the eyewitness told her the night of the shooting because the eyewitness had already testified and was not given a chance to explain or deny the statements she purportedly made to the officer, the State

---

[1] We note that within the argument section of Johnson's appellate brief challenging the district court's ruling on the motion for new trial there are haphazard statements that could be construed as shadows of a sufficiency-of-the-evidence claim. To the extent that Johnson intends to challenge the sufficiency of the evidence supporting his conviction in addition to his challenge to the ruling on his motion for new trial based on the weight of the evidence, we cannot grant him any relief for two reasons. First, "a motion for new trial brought under the weight-of-the-evidence standard essentially concedes the evidence adequately supports the jury verdict." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). Second, to meaningfully address a sufficiency-of-the-evidence challenge, we would have to take it upon ourselves to build up and develop such a challenge, which we will not do. *See Inghram v. Dairyland Mut. Ins.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

[2] Defense counsel clarified at trial that he was not offering the statements to prove the matter asserted or that those statements "are the accurate versions of what actually happened in the apartment that morning." Counsel said he was "simply trying to show that [the eyewitness]'s memory has changed" and "effectively trying to impeach prior testimony."

was not given a chance to examine her about it, and justice did not otherwise require admission of the officer's testimony. Johnson argues that the district court abused its discretion when it did not permit the officer's testimony. *See State v. Canady*, 4 N.W.3d 661, 668 (Iowa 2024) ("We review the district court's evidentiary rulings for abuse of discretion." (citation omitted)); *State v. Berry*, 549 N.W.2d 316, 319 (Iowa Ct. App. 1996) (reviewing the district court's ruling applying rule 5.613(b) for an abuse of discretion).

Rule 5.613(b) states:

> Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires. This subdivision (b) does not apply to an opposing party's statement under rule 5.801(d)(2).

Johnson does not contest that the eyewitness was not "given an opportunity to explain or deny the statement" and the State was not "given an opportunity to examine the [eyewitness] about it." *See* Iowa R. Evid. 5.613(b). Instead, he hangs his argument on the "justice so requires" exception to the rule. *See id.* But as the State points out in its brief, Johnson

> does not engage with the trial court's explanation of why it declined to apply that exception: because the prior statements were arguably consistent with [the eyewitness]'s trial testimony, and because presenting those statements without affording [the eyewitness] an opportunity to explain them would potentially mislead the jury (and permit the defense to profit from deliberately choosing not to lay that required foundation).

Instead, Johnson focuses his criticism on the eyewitness's memory and credibility generally. But this does not help us evaluate whether the district court abused its discretion when it determined that the testimony was not admissible under the

"justice so requires" exception. And on our review of the district court's rationale for refusing to admit the testimony, we find no abuse of discretion.

## III. Motion for Mistrial

At one point during trial, the prosecutor inadvertently published autopsy photos to the jury prior to its admission into the record. As defense counsel put it, while a State witness "was testifying, a whole slew of exhibits were published to the jury prior to their admission as to foundation or any other effect." The prosecutor took issue with the characterization that a "slew of exhibits that were shown" but conceded that "[t]here definitely was a scrolling of them in front of the jury to say the least." When the prosecutor stopped scrolling through exhibits, she stopped briefly[3] on an autopsy photo showing an exit wound. Johnson moved for mistrial "due to the jury having access to evidence that had not been properly admitted" and contended, "We can't un-ring that bell." The court denied the motion, noting that some jurors might not have noticed it given that the witness was being cross-examined at the same time and exhibits would likely be admitted anyway.[4] It also instructed the jury "not to consider any exhibits until and unless they're actually admitted into evidence."

Johnson appeals the denial of his motion for mistrial. We review for an abuse of discretion. *State v. Brown*, 5 N.W.3d 611, 614–15 (Iowa 2024). An abuse

---

[3] The prosecutor estimated that the exhibits were on screen for several seconds. The court estimated that as the prosecutor scrolled through the exhibits each one was on screen for "not even a second" before stopping on the autopsy photo "for a few seconds." Defense counsel agreed with the court's estimation of how long each exhibit was displayed.

[4] The court did say it would revisit its ruling in the event the exhibits would not be admitted.

of discretion occurs "where there is no support in the record for the trial court's determination." *State v. Jirak*, 491 N.W.2d 794, 796 (Iowa Ct. App. 1992). A new trial is only appropriate "if the prejudice resulting from the denial prevented the defendant from having a fair trial." *State v. Brown*, 996 N.W.2d 691, 696 (Iowa 2023).

The district court did not abuse its discretion when it denied the motion for mistrial. The publication of the exhibits prior to their admission lasted mere seconds and occurred while the jury was otherwise focused on the cross-examination of the witness. It was a fleeting mistake that was unlikely to improperly influence the jury. Any prejudice from the premature publication became nonexistent once the exhibits were admitted, and Johnson does not argue that any of the exhibits were not admitted later. So a mistrial was not necessary under these circumstances.[5]

## IV. Conclusion

The district court applied the correct standard when considering Johnson's motion for new trial and did not abuse its discretion when it denied the motion. The district court did not abuse its discretion when it did not admit the impeachment evidence without proper foundation. And the district court did not abuse its

---

[5] To the extent that Johnson attempts to challenge the admissibility of certain testimony from the State's witness who was testifying at the time of publication, he has not developed a cogent argument for our review. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (describing ways an issue can be forfeited on appeal, including by failing to clearly identify an issue, make an argument in support of an issue, make more than a perfunctory argument in support of an issue, or cite authority in support of an issue). Likewise, to the extent Johnson attempts to raise constitutional claims under the Iowa Constitution, he has failed to develop them for our review. *See id.*

discretion when it denied the motion for mistrial.  Accordingly, we affirm Johnson's conviction for second-degree murder.

**AFFIRMED.**